Wallis & Bro. v. Lehman, Abraham & Co.

WALLIS & BRO. v. LEHMAN, ABRAHAM & CO.

1. USURY: *Promissory note: By what law governed.*
   A promissory note given in one state, in settlement of an account made in another state, is a new contract and governed by the law of the state where given; and is not usurious if the interest reserved does not exceed the lawful interest of that state.

2. SAME: *Promissory note for advances and interest.*
   A promissory note given for the aggregate amount of an account and ten per cent. interest, and bearing ten per cent. interest from its date, is not usurious.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

REPORTER'S STATEMENT.

The appellees sued the appellants at the spring term, 1877, of the circuit court of Jefferson county, on two promissory notes executed by them at Pine Bluff on the first day of September, 1876, each for the sum of $316, payable respectively, the first day of January and February, 1877, and bearing interest at eight per cent. per annum from date.

The defendants (appellants), in their answer, admit the execution of the notes, but say "that they were executed in settlement of an account then existing between the plaintiffs and defendants during the years 1875 and 1876. That in said accounts the plaintiffs had charged

them the sum of eight per cent. per annum interest on all sums furnished by them to said defendants, and the further sum of two and one-half per cent. upon all sums advanced by them to defendants; which together, amounted to ten and one-half per cent. charged by said plaintiffs against the defendants on all sums advanced to them, and was usurious and void; and that said usurious interest was with a corrupt intent, carried by the plaintiffs into said notes, and that said notes were void for usury."

The cause was submitted to the court sitting as a jury. The defendant asked, among others, the following declaration of law, which the court refused, viz:

"1.   The highest rate of interest allowed by the laws of Arkansas is ten per cent. per annum, and any attempt to ask, demand or receive a greater rate of interest than ten per cent. per annum renders the contract void as to principal and interest."

The court found from the evidence ."that the notes were executed in Arkansas and payable in Arkansas for an open account for advances made by the plaintiffs (the defendants' merchants in New Orleans), and that there was not any contract or agreement as to the interest until execution of the notes; and that the amount included in the account for interest and advances did not exceed ten per cent. interest per annum on the amount due for advancements, and was intended as payment for the use of the money before giving the notes, and not in consideration of extension of time on the notes, and that the notes are not usurious."

Verdict and judgment for the plaintiff.   Motion for new trial overruled.   Bill of exceptions filed, and appeal to this court.

*N. T. White*, for appellant:

Usury forfeits the debt.   *Acts of* 1874, *Pamph. p.* 145.

Charge for advancing is interest. 18 *Ark. Rep.*, 456; 47 *Tenn.*, 485, 488; 5 *Ter. & Raw.*, 51; 3 *West Va. Rep.*, 86; 16 *Wend.*, 745.

Usurious charges carried into an account vitiates a note given for the whole. 32 *Ark. R.*, 346.

Circumstances of this case amount to usury. *Tyler on Usury*, chap. 24, *p.* 324, and a large number of authorities quoted.

*T. B. Martin*, contra.

HARRISON, J. If the plaintiffs had sued on the account, the notes were given in settlement of, they could have recovered only the rate of interest allowed by the laws of Louisiana where it was made, which the proof shows, is, when there is no stipulation for a higher rate, five per cent. per annum; but as it is in this state in which the notes were made and payable, it is competent to contract for as much as ten per cent. if the agreement be in writing; they were not usurious though including interest at more than five if not exceeding ten per cent.

They were new contracts governed by the laws of Arkansas.

A note given in settlement of an account in which interest has accrued, for the accumulated amount, is not usurious. *Kellogg v. Hickok, 1 Wend., 521; Townsend v. Corning, 1 Barb., 627; Morgan v. Bishop, 5 Paige, 98 ; Mills v. Thompson, 23 Texas, 308 ; The State v. Jackson, 1 John. Ch., 14; Hale v. Hale, 1 Cold., 233; LeGrange v. Hamilton, 4 Term Rep., 613.* <span style="float:right">Note for account and interest, not usurious.</span>

And if the defendants chose to pay ten per cent. interest on the advances made them by the plaintiffs, they might lawfully include the same as part of the principal in the notes, and if the interest charged—eight per cent.—and

the commissions for advancing included in it, together, did not exceed interest at ten per cent., the notes were not usurious.

In the above cited case of *Mills v. Thompson*, the supreme court of Texas, says: "The law in deciding whether a settlement involves usury or not, will look at the whole amount of interest reserved, as distinct from such commissions as are allowable and receivable by law and the whole period of forbearance expended; and if the charge properly imputable to interest do not exceed the highest interest allowed by law for the whole period of forbearance, then the settlement can not be held to be usurious."

The plain and obvious meaning of the declaration asked by the defendants, which the court refused to make, though its language was not as exact as it might or perhaps should have been, was that the highest rate of interest allowed by the law of Arkansas is ten per cent. per annum, and to intentionally take or reserve more by any device or contrivance whatever, renders the contract void both as to principal and interest. As so understood it correctly stated the law, but as the court found, as a matter of fact, that more than ten per cent. interest was not reserved in the notes, which finding a calculation of the interest shows to be true, the defendants were not prejudiced by its refusal so to declare the law, and the judgment is right.

Affirmed.