## TILLMAN *v.* THATCHER.

Opinion delivered June 11, 1892.

*Usury—Recourse to prior valid claim.*

> If a note tainted with usury is founded upon an antecedent valid account, the creditor may sue upon the account.

Appeal from Lafayette Circuit Court.

WILLIAM S. EAKIN, Special Judge.

*D. L. King* for appellants.

The note was void for usury. Acts 1887, p. 50, 51; 41 Ark, 331. The account is thus left to stand upon its original merits. 35 Ark. 217; 105 N. Y. 539; 12 N. E. Rep. 48; 98 N. C. 107; 17 S. W. Rep. 713.

HUGHES, J. The appellee, Thatcher, was indebted to the appellants, merchants at Dallas, Texas, for goods bought of them, in the sum of $355. Thatcher gave his note, dated at Texarkana, Ark., to the appellants for $355, bearing interest from date at 12 per cent per annum, in settlement of the account. The appellants, recognizing that the note was void for usury, sued on the original account. The appellee says the note was a satisfaction of the account, and pleads usury.

The court refused to instruct the jury, at the plaintiff's instance, that if the jury found from the evidence that the defendant was indebted to the plaintiffs in the sum of $355 upon an account for goods sold, and that the defendant gave the plaintiffs the note for the same bearing interest at the rate of 12 per cent per annum, the note was void for usury, and they should find for the plaintiffs. The court gave for the defendant four instructions, in effect the converse of the one refused.

"If a security founded upon an antecedent lawful consideration becomes void, or tainted by an usurious element, the original demand will be revived and may be

enforced." *Rountree* v. *Brinson*, 98 N. C. 107. "The taint of the subsequent illegal contract does not relate back to or affect the original contract." *Humphrey* v. *McCauley*, 55 Ark. 143; *Marks* v. *McGehee*, 35 Ark. 217.

The court erred in refusing and in giving instructions. Reversed and remanded for a new trial.