JOHNSON *v.* HULL.

## Opinion delivered April 22, 1893.

1. *Usury—Prior valid security.*

Where money is loaned, and lots are conveyed as security for its payment under an agreement that fixed no rate of interest, except that it was stipulated that the highest legal rate of interest should be paid, a subsequent agreement to pay more than the highest legal rate of interest upon the loan will not invalidate the originally valid loan and security.

2. *Rate of interest—Necessity of writing.*

An agreement to pay interest on a loan of money at a rate exceeding six per cent. will not be enforced as to such excess unless the agreement be in writing.

Appeal from Carroll Circuit Court in Chancery, Western District.

JAMES M. PITTMAN, Judge.

W. C. Hull sued James Johnson in ejectment to recover possession of certain town lots, claiming title by deed from W. H. Longan, dated October 15, 1885.

Defendant filed an answer and cross-complaint in which he stated that, at the time of the execution of the deed from Longan to plaintiff, defendant owed Longan seventy-three dollars for the purchase of the lots in controversy; that he borrowed the money of plaintiff to pay for the lots, and that by agreement the title to the lots was conveyed by Longan to plaintiff for the purpose of securing the loan; that, on October 21, 1885, in pursuance of this agreement, defendant executed his note to plaintiff for the amount, bearing 12 per cent. interest

from date, and at the same time executed to plaintiff a mortgage upon the same lots to secure the payment of the note; that on the 25th day of October, 1885, Johnson and Hull made a written contract in which it is stated that "said Wm. C. Hull aforesaid will lend and now does lend to the said Jas. Johnson aforesaid the sum of seventy-three dollars, good and lawful money of the United States, the receipt of which the said Jas. Johnson hereby acknowledged —said money to be applied in the purchase of a storehouse and lots situated on Main street in the city of Eureka Springs aforesaid, etc.; said loan to continue from date hereof until the 21st day of April, 1886, according to a promissory note dated this day and granted by the said Jas. Johnson to the said Wm. Hull, the note bearing interest at the rate of 12 per cent. per annum from date of execution." Defendant asked that the deed be declared void as a security for a usurious note, and that the title be vested in him.

Upon motion the cause was transferred to chancery. Plaintiff's answer to the cross-complaint admitted that he loaned defendant seventy-three dollars, and took the deed to the lots in controversy as security for the loan. It further alleged that, at the time the deed was executed, nothing was agreed upon concerning interest, except that defendant agreed to pay the highest legal rate of interest; that, six days after the deed was executed and delivered, defendant proposed to give a note and mortgage; that plaintiff did not know the legal rate of interest, and only demanded the highest legal rate; that defendant had the note and mortgage prepared and the rate of 12 per cent. interest inserted, claiming the same as the highest rate allowed by the laws of Arkansas. Plaintiff conceded that the note and mortgage were usurious and consented that the same be cancelled, but asked for possession of the lots.

Upon evidence that supported plaintiff's contention, the court found the issues of fact in his favor, and gave judgment in his favor for seventy-three dollars with 10 per cent. interest from the 15th day of October, 1885, and also for the recovery of the land. Defendant excepted and appealed.

*Atkinson & England* for appellant.

1. There was but one contract. The payment of the money, getting the deed and making the note and mortgage were all parts of one transaction—a usurious loan. 53 Ark. 345; 53 *id*. 455; *Ib*. 271.

2. Parol evidence was inadmissible to explain away or vary the written contract. 45 Ark. 199.

3. The innocent intentions of Mr. Hull do not protect him. It is not the intention to violate the law which makes usury, but the agreement to pay and receive more than 10 per cent. Ignorance or mistake as to the law is no defense. 41 Ark. 339.

*A. Davis* for appellee.

The original contract was not usurious, and no subsequent contract, though usurious, will affect it. 55 Ark. 143; 19 S. W. Rep. 968; 14 S. E. Rep. 863.

1. Recourse to prior valid security.

MANSFIELD, J. The original agreement of the parties fixed no rate of interest except by stipulating that the highest legal rate should be paid for the use of the money. Under that agreement the money was advanced for the defendant, and the lots were conveyed to the plaintiff as a security for its re-payment. Thus far, the transaction was without any suspicion of usury, and is unquestionable in its legal consequences. It imposed upon the defendant an obligation to restore the money borrowed, with legal interest, and invested the plaintiff with the title to the lots as security for his debt. If nothing further had been done by either of the parties, it is clear that the defendant could not have resisted a

recovery of the debt, or have compelled the plaintiff to re-convey the lots until he had satisfied it.    The loan and the security being complete and valid, neither of them was affected by the usurious rate of interest inserted in the note and mortgage subsequently executed for the same debt, unless the unlawful interest was contemplated by the original agreement ; and there is nothing to show that it was.    *Humphrey* v. *McCauley*, 55 Ark. 143 ; *Tillman* v. *Thatcher*, 56 Ark. 334 ; *Marks* v. *McGehee*, 35 Ark. 217 ; *Dotterer* v. *Freeman*, 14 S. E. Rep. 863. In the cases of *Brakefield* v. *Halpern*, 53 Ark. 345, and *Lowe* v. *Loomis*, *ib*. 454, cited by appellant, the transactions between the parties were void for the usury which attached to them from the beginning, the sums borrowed having been obtained from the lenders through express agreements to pay interest at an unlawful rate. The facts in the case of *Trible* v. *Nichols*, 53 Ark. 271, also cited by the appellant, were very different from the facts presented here.    There the ruling is that an equitable right of subrogation cannot arise where it can only be established by resorting to an agreement void by reason of usury.    Here the plaintiff is under no necessity of relying upon either the note or mortgage in which the excessive interest is stipulated for, and his claim is founded upon a contract clearly separable from both of those writings.    The circuit court was therefore right in adjudging that the absolute deed to the plaintiff was a mortgage securing a valid debt.

But it was error to allow interest on the debt at the rate of ten per cent. per annum and to decree to plaintiff the *recovery* of the lands.    We are satisfied from the proof that it was the intention of the parties that interest should be paid at ten per cent ; but their agreement to that effect was oral, while a statute of this State, according to the interpretation given to it in *Matlock* v. *Purefoy*, 18 Ark. 492, required it to be in writing in order

2. Rate of interest under unwritten agreement.

to make it binding as a contract to pay interest at a rate above six per cent. See Gould's Dig. ch. 92, sec. 2; Mansf. Dig. sec. 4733.* The two sections are substantially the same, and in *Wallis* v. *Lehman*, 36 Ark. 569, a case arising under the latter section, the court appears to adhere to the construction of the previous decision. Following these cases, the plaintiff's recovery should have been the sum loaned with interest thereon from the date of the loan at six per cent. per annum; and this should have been adjudged a lien on the land, to pay which it should have been condemned to be sold under the practice in foreclosure proceedings.

Reversed and remanded with directions to enter a decree for $73 with 6 per cent. per annum from October 15, 1885, and to foreclose the mortgage for that amount.

---

*Mansf. Dig. sec. 4733, provides: "The parties to any contract, whether the same be under seal or not, may agree in writing for the payment of interest not exceeding ten per centum per annum on money due or to become due."