## HYNES *v.* STEVENS.

Opinion delivered June 27, 1896.

USURY—EFFECT UPON CONTRACT ORIGINALLY VALID.—A mortgage given to secure a valid debt will not be vitiated by a subsequent agreement that it shall also be security for a usurious debt.

Appeal from Crawford Circuit Court in Chancery.

JEPHTHA H. EVANS, Judge.

*Jesse Turner*, for appellant.

Whether the original agreement was usurious or not, it matters not now; as that note was paid off. There was no usury in the $110.50 note, as the bank only deducted the interest in advance. 60 Ark. 288. Nor was there any in the Hays note. It may be true that, *long after* the agreement, two $20 notes were executed, and were usurious, but this subsequent usurious agreement for the *extension* of valid notes could not taint the original notes or discharge the lien on the land. No authorities need be cited on this point.

BUNN, C. J.    The facts in this case are that appellee had purchased the SE ¼ of SE ¼ of section 34, township 10 north, range 32 west, from the Little Rock & Fort Smith Railway Company for the sum of $120, and given his note therefor, less $30 cash, and taken bond for title, conditioned in the usual way.    The $90 were to be paid in three equal annual instalments, and deed to be made when all the instalments were paid.

On December 17, 1888, plaintiff Stevens borrowed of defendant Hynes, as cashier of the Crawford county bank, $100, and executed his promissory note to him for $120, of that date, due November 1, 1889, and to secure the payment of same assigned said bond for title or contract of sale to him.

On December 17, 1889, plaintiff Stevens paid off said note, and demanded his bond for title, and the same was refused by the defendant, acting for said bank, claiming that the bank owned a note (called the "Hays note") of plaintiff for $125, with accrued interest. After some negotiations it was finally agreed between them that defendant's bank should loan plaintiff $100 for one year at 10 per cent. interest, plaintiff to pay the accrued interest on the $125, and the land contract or title bond should remain as security for all the indebtedness of plaintiff to said bank, and an extension of one year to be given on the $100 and the $125.    Defendant then paid over to plaintiff the $100, less $12.50, on the accrued interest on the $125, took plaintiff's note for $110.50, payable November 15, 1890, and dated December 2, 1889.    (The $100 and interest at 10 per cent. from date until maturity, and the interest on said interest for that time made the $110.50, the note to draw interest only from maturity.)    Subsequently a further extension of one year was given on the two notes, and in consideration thereof plaintiff gave defendant two notes, each for $20.    The $110.50 note, the $125 note,

and the two $20 notes all remained unpaid at the time of
the institution of this suit. This was a bill in equity
to compel defendant to surrender title bond, on. the
ground that the debts for which it was held were
usurious.

On bill and answer and testimony of plaintiff with
exhibits, the court found that there was no usury in the
$110.50 nor in the $125 note, but that the deed, which in
the meantime had been executed and delivered to defend-
ant on the bond for title by the railroad company, was
in fact a mortgage, and that some of the debts for
which it was held for security were usurious, and there-
fore the same was void as a mortgage, and was only
held in trust for plaintiff by defendant. Decree in
behalf of defendant for the $110.50 note and the $125
note, and that defendant's lien be discharged ; that the
legal title vest in plaintiff, he having paid the full
amount of the purchase money, and that defendants
deliver up said deed to plaintiff. Defendant took excep-
tions, and appealed to this court.

The only question before us is whether or not the
court below erred in holding the deed as a mortgage in
the hands of defendant to secure the claims against
plaintiff was usurious as to certain of the said secured
debts, not mentioned in the decree, but presumably the
two $20 notes, and therefore void. The two $20 notes
are admitted to be usurious, if they are to be taken
with the other indebtedness, but no claim is made on
their account, and it is contended that they were made
long subsequent to the agreement by which the title
bond, and, consequently, the deed, was agreed to be
held as security for the indebtedness of plaintiff to
defendant, and, under the rule on that subject, could
not taint said indebtedness, so secured, with usury.
The contention of defendant was correct, and the court

erred in not so holding, and in decreeing the deed void as a security as aforesaid.

.The decree is therefore reversed, and the cause is remanded, with directions to foreclose the deed (properly held to be a mortgage), and out of the proceeds pay off the amount decreed in favor of the defendant and the costs, if same are not paid in a reasonable time.