BANK OF MALVERN v. BURTON.

Opinion delivered February 10, 1900.

1.  USURY—RENEWAL NOTE.—Where the note sued on was the last of a series of usurious notes given in renewal of a note untainted with usury, plaintiff was entitled to amend the complaint so as to recover on the original note.  (Page 429.)

2.  PLEADING—AMENDMENT TO CONFORM TO PROOF.—Where no objection was taken to the admission of evidence that the note sued on was given in renewal of a valid note, the complaint was properly treated by the trial court as amended to conform to the proof.  (Page 429.)

Appeal from Hot Springs Circuit Court.

ALEXANDER M. DUFFIE, Judge.

E. H. Vance, Jr., for appellant.

It was error to strike appellant's reply from the files. 44 S. W. 393; 99 N. Car. 107.  The usury, if any, in the renewal notes did not affect the consideration, which was free from usury.  Hence the pleadings should have been considered amended by the proof, and judgment given for the original debt.  29 Ark. 323; 42 Ark. 57; 55 Ark. 143; 56 Ark. 334; 35 Ark. 217; 98 N. Car, 107; 27 Am. & Eng. Enc. Law, 946–7.

Jesse B. Moore, for appellee.

The court was correct in sustaining the motion to strike. 33 Ark. 56, 593; 44 Ark. 293; 48 Ark. 238.  Since the first note was usurious and void, the debt is destroyed.  53 Ark. 271; 56 Ark. 143, 146.  The court below had the right to disregard incompetent and irrelevant evidence, and it was its duty to do so.  42 Ark. 310; 4 Ark. 251.  It was discretionary with the court to treat the complaint as amended or not.  22 Ark. 164; 23 Ark. 735; 54 Ark. 444.  The evidence as to the debt was irrelevant, under the pleading.  46 Ark. 96.

BATTLE, J.  The Bank of Malvern sued J. W. Burton and William Kilpatrick, in the Hot Springs circuit court, upon a

note executed by them to it for the sum of $349.50, bearing date the 12th day of May, 1896, and due ninety days after date. The defendants answered, and pleaded usury. The plaintiff filed a reply, which, on motion of defendants, was stricken from the files of the court. As it was not restored to record by bill of exceptions, it is no longer in the case.

The cause, both parties consenting, was submitted to the court sitting as a jury.

J. W. Burton testified as follows on his own behalf: "I am one of the defendants in the above-entitled cause, and I executed the note sued on herein. The note was due ninety days from its date. I paid $16.00 interest in advance for the extension of the note, which note was for $349.50, dated May 12, 1896, which interest was in excess of ten per cent. per annum, and was an intentional usurious charge of interest for the ninety day's forbearance, and was agreed to by the parties. The note on its face drew ten per cent. per annum from maturity until paid." *Cross-Examination.* "I did not get any money from the Bank of Malvern. The note sued on was given for another that I had in the bank. I never did get a dollar from the bank. This note, the one sued on herein, was given for a former note, and is for the same amount that the original note was given for, exactly. I think my first dealings with the Bank of Malvern were in 1894. I do not know how many times I have renewed the note. The first year I gave it it ran for one year; the next year W. W. Dutton and T. R. McHenry were on the note as sureties. I do not know where the old notes are. I could only find one of them, and Mr. Kilpatrick, the co-defendant, was my surety thereon. The note sued on herein is a renewal of the note I found, and is for the same amount. The first note I gave the Bank of Malvern was for $349.50. I do not know how much I have paid on it since. I think I have paid $27.10 at two different times and $26.00 is my recollection. The note was first to run one year, but the interest was to be paid every four months, and the interest for the first year amounted to $65.00 to $75.00. I do not remember the time I paid the first payment. I gave a note to R. H. Hurley for an interest in a horse, and he trans-

ferred said note to the Bank of Malvern. Robert W. Baker had also given his note in favor of said R. H. Hurley for $217.00 for an interest in the same horse, and I assumed the payment of the Robert W. Baker note to the Bank of Malvern, the same having been previously transferred to the bank by said R. H. Hurley. My note given to the said R. H. Hurley was for the same amount as the Robert W. Baker note; but I had paid over $100,00, and there was a balance due on my note and Robert W. Baker note of $349.50, for which amount I executed my note to the Bank of Malvern, with T. R. McHenry and W W. Dutton as sureties on December 24, 1894, which note has been renewed from time to time, each time for the same amount, but I would have to pay interest, each time for the renewal of the same, and, as well as I can remember, I have made the following payments: Between $25 and $27 the first payment; about the same the second time; and about the same the third time. I cannot remember how many times I renewed said note, but each time I paid usurious interest, more than 10 per cent. per annum, under agreement with the bank. *Re-Direct.* The note has been renewed from time to time, with the distinct agreement and understanding that I should pay more than ten per cent. interest per annum for the renewal of same, and was duly paid the bank."

Other witnesses testified, but none of them testified that the note executed by Burton to the bank on the 24th of December, 1894, with T. R. McHenry and W. W. Dutton as sureties, was usurious.

The plaintiff asked the court to declare the law as follows: "The notes of Robert W. Baker and J. W. Burton, owned by the Bank of Malvern being valuable negotiable paper, untainted with usury, aggregating $349.50 on the 24th of December, 1894, and J. W. Burton assumed the payment of the note of Robert W. Baker, and executed a note for said sum of $349.50 in satisfaction of said notes, and has since, from time to time, renewed said note for the said sum of $349.50, and paying a greater rate of interest than ten per cent. per annum for the extension of time payment, this would not vitiate the original note, and plaintiff is entitled to recover said

original amount, less the amount so paid by the defendant." And the court refused to so declare, but found for the defendants, and rendered judgment in their favor.

There were no objections to the evidence adduced in the trial in this cause. The origin of the indebtedness evidenced by the note sued on was freely and fully investigated. No witness, as we understand the evidence, testified that the first note executed to the Bank of Malvern for the sum of $349.50 was tainted with usury. Burton testified that the renewals of that note were usurious. The court, in its findings of facts, found "that the note sued on was the last of a series of notes given from time to time to secure a debt, originally free from and untainted with usury." This being true, and, the renewals being void for usury, the plaintiff was entitled to sue and recover upon the first note. *Tillman* v. *Thatcher*, 56 Ark. 334. It could have alleged in its complaint that the defendants claimed that the note sued on was void for usury, and would not pay it on that account, and that the first note was untainted, and asked for judgment on the same, as was done in *Winstead Bank* v. *Webb*, 39 N. Y. 325. Under the statutes of this state, the complaint could have been amended by conforming it to the facts proved, as the amendment would not have substantially changed the claim of the plaintiff. Sand. & H. Dig. § 5769. The testimony adduced by both parties showing that the first note in a series of notes given for the same indebtedness, of which the note sued on was the last, was a valid note having been admitted without objection, the complaint should have been regarded as amended in conformity to the same; and the declaration which the plaintiff asked should have been made. As the complaint could have been amended in the manner suggested, and evidence was admitted as if it had been, it would be unjust to deny the plaintiff the benefit of it. Had its competency been objected to, the objection might have been obviated by an amendment, on terms or otherwise. The plaintiff was therefore entitled to the benefit of it.

Reversed and remanded for a new trial.

RIDDICK, J., absent.