## SAGER v. STEINBRENNER.

### Opinion delivered July 10, 1911.

1. USURY—RECOURSE TO PRIOR VALID SECURITY.—Where, in pursuance of a usurious agreement, the plaintiff loaned money to the defendant which was used in paying off a prior valid mortgage, plaintiff will be entitled to enforce such valid mortgage. (Page 628.)

2. SAME—APPROPRIATION OF PAYMENT.—Where defendant made a payment to plaintiff under a usurious agreement, he can not complain because plaintiff credited such sum on the original note, as that was for defendant's benefit. (Page 628.)

3. SAME—EFFECT OF REPUDIATION OF AGREEMENT.—If a debtor repudiates an agreement for extension of the time of payment of the debt on the ground of usury, he can not claim the benefit of such extension. (Page 628.)

Appeal from Benton Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

*Dick Rice,* for appellants.

If such bonus, added to the interest, exceeds the maximum legal rate of interest, the transaction is usurious. 55 Ark. 143.

Equity regards substance rather than form.  60 Ark. 595; 53 Ark. 271; 91 S. W. 24.

*Rice & Dickson,* for appellee.

This suit to foreclose may be maintained upon the original security.  22 Am. R. 564; 66 Me. 212; 64 Am. St. R. 471; 68 Minn. 210; 62 Ark. 491; 56 Ark. 334; 46 Am. St. R. (note) 187; 55 Ark. 146; 25 Am. R. 181; 67 Ark. 425.

HART, J.  L. B. Steinbrenner, as assignee of the Citizens' Bank of Rogers, Ark., instituted this suit in the chancery court against L. G. Sager and others, to foreclose a mortgage on certain real estate, and to obtain a judgment against the defendant, Sager, on a promissory note for thirty-five hundred dollars and accrued interest.  The defendant, Sager, pleaded usury.  The chancellor found for the plaintiff, and entered a decree of foreclosure.  Certain junior mortgagees were made parties defendant to the action, but they are not complaining of the decree, and the defendants L. G. and Lulu Sager alone have appealed.

On June 21, 1907, L. G. Sager and Lulu Sager, his wife, borrowed from the Citizens' Bank of Rogers, Ark., five thousand dollars, for which they executed their note due six months after date and bearing interest at 10 per cent. from maturity until paid. To secure the payment of the same, they executed a mortgage on their homestead.  Thereafter the defendant, L. G. Sager, paid fifteen hundred dollars for the principal and interest due to September 21, 1909.  The bank commenced a suit to foreclose the mortgage.  The defendant, L. G. Sager, testifies: That on January 11, 1910, he sought to obtain a loan from plaintiff with which to pay off said mortgage; that plaintiff was to let him have three thousand dollars for two years, and the balance for ninety days; that he was to pay plaintiff 10 per cent. interest and, in addition thereto, fifty dollars for granting an extension of the time of payment; that, upon it becoming known to plaintiff that there was a second mortgage on the property, it was agreed that plaintiff should take up the mortgage to the bank and retain the same; that he gave plaintiff the fifty dollars in consideration that he would take up the mortgage to the bank, carry it for ninety days, at which time they agreed to reduce it to three thousand dollars, and plaintiff agreed to carry that balance for two years.

The plaintiff, L. B. Steinbrenner, testified that Sager told him that he would give him fifty dollars if he would take up the bank mortgage and carry it for ninety days, at which time Sager was to reduce the indebtedness to three thousand dollars, and Steinbrenner was to carry that indebtedness for two years; that, at the request of Sager, he purchased the note and mortgage from the bank and paid all the principal and interest that was due at the time the note and mortgage were transferred to him; that the original note and mortgage were assigned to him by the bank, and that this suit is brought to foreclose the mortgage; that there was no agreement between him and Sager that a new note and mortgage were to be executed; that he has credited the fifty dollars paid him by Sager on the original note given by Sager to the bank.

The decree of the chancellor was right. It will be noted that the plaintiff did not lend the defendant Sager the money. In this respect the case is different from *Trible* v. *Nichols,* 53 Ark. 271. In that case the plaintiff loaned money to the defendant upon a usurous agreement, and the defendant used it in paying off a valid mortgage. In the present case, conceding that the agreement for the extension of the time of payment of the note and mortgage was usurious, it does not help the defendant any; for the plaintiff does not have to resort to that agreement to maintain his action to foreclose the mortgage. The plaintiff purchased the note and mortgage from the bank, and they were duly assigned to him by the bank upon the payment of the principal and interest then due. The mortgage transferred by the bank to the plaintiff has never been paid or satisfied, and the plaintiff had the right to foreclose it. *Humphrey* v. *McCauley,* 55 Ark. 143; *Bank of Malvern* v. *Burton,* 67 Ark. 426; *Hynes* v. *Stevens,* 62 Ark. 491; *Morse* v. *Wellcome,* 64 Am. St. Rep. 471, and case note.

In this view of the case, the defendants can not complain that the plaintiff credited the fifty dollars paid him on the original note, for that was to their benefit.

The defendants have repudiated the agreement for extension of the time of payment on the ground of usury, and therefore can not claim the benefit of the extension. 29 A. & E. Ency. of Law (2 ed.), page 514.

The decree will be affirmed.