WALTER v. ADAMS.

Opinion delivered April 21, 1919.

1. USURY—EVIDENCE.—In a suit to have a deed absolute declared a mortgage and set aside for usury, the chancellor's finding as to the amount of the loan *held* not against the preponderance of the evidence.

2. USURY—CONTRACT ORIGINALLY VALID.—Collection of usurious interest under a subsequent contract did not invalidate a prior lawful contract.

3. ESTOPPEL—RELIANCE ON PAROL CONTRACT.—One seeking to have a deed declared a mortgage under a parol contract to reconvey on repayment of the money received with ten per cent. interest cannot object to the recovery of interest at that rate because the agreement was not in writing, as required by Kirby's Digest, § 5380, since he relies upon the agreement for equitable relief.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Asa C. Gracie,* for appellant.

· The deed though absolute was intended only as a mortgage and the debt secured was usurious and void and appellant is entitled to recover back all he had paid under the void contract. 117 Ark. 304; 106 *Id.* 166; 1 Jones on Mort., § 257; 128 Ark. 67. The intention of the lender of money is determined from his acts. The facts show usury clearly. 62 Ark. 370; 41 *Id.* 341; 132 *Id.* 377. The form of the contract is not material if all the facts and circumstances show usury. 132 *Id.* 377. Appellee was only entitled to interest on $135, the amount loaned or upon not to exceed $150 at most. The law will not permit usury to hide behind *a sale.* 46 Ark. 50; 66 *Id.* 460. See also 36 Cyc. 941; 83 Ark. 31; 54 *Id.* 566; 91 *Id.* 458; 51 *Id.* 534; 194 S. W. 29. The decree shows usury on its face. The agreement for a loan was an *oral* one and it was error to. allow 10 per cent. interest in the decree. 57 Ark. 550. The deed should be canceled as a cloud upon appellant's title and appellant should recover all he has paid under the void contract with interest and costs. Cases *supra.* 39 Cyc. 941 and cases cited, note 54.

*H. K. Toney,* for appellee.

The evidence sustains the finding of the chancellor and the decree should be affirmed, but the great preponderance of the evidence would have justified a decree that appellee paid $190 as a full consideration for sale and purchase of the property and that the deed had

become absolute and appellant's right to repurchase or redeem were lost after the expiration of one year.

SMITH, J. The appellant instituted this action in the Jefferson Chancery Court for the purpose of having a deed executed by him to the appellee on the 5th day of June, 1915, declared a mortgage and canceled as being a conveyance securing a usurious debt. It was alleged that on June 5, 1915, appellee loaned appellant $135 for a period of one year and as security therefor took a deed, which was represented to be a trust deed, conveying two lots owned by appellant. The consideration was recited in the deed to be $190. Appellee answered that the deed evidenced the contract made between the parties but admitted that a contemporaneous agreement had been made by which he was to reconvey the lots, provided the money was repaid within one year.

Upon conflicting testimony the court below found that the deed was intended as a mortgage, and fixed a period within which the lots might be redeemed after allowing appellant credit for the payments made to appellee. No cross-appeal was taken by appellee; but appellant insists on his appeal that the contract was usurious and that the mortgage should therefore be canceled.

Appellant introduced in evidence two receipts written by him and signed by appellee, which read as follows:

"This is to certify that Allen Walter paid the interest on money loaned on property until May 30, 1917, amount $20."

"Received of Allen Walter $25 on interest for staying the account, May 30th until 1918."

Appellant also insists that in addition to the payments evidenced by these receipts he paid $55 interest in advance. The testimony is not clear that the sum loaned was $190, but the scrivener testified that the parties stated at the time the deed was executed that the sum advanced appellant was $190, and appellee so testified, and while there is some uncertainty as to how and when the excess over the $135, which appellant admits receiving, was paid,

we cannot say that the chancellor's finding, that the sum loaned was $190, is clearly against the preponderance of the evidence.

Appellant remained in possession of the lots and paid the taxes and collected the rents, but was unable to pay the sum borrowed at the end of either the first or the second year, and he says that by way of forbearance and to secure a further extension of time he made the payments evidenced by the receipts set out above; and he now contends that as these payments each exceed ten per cent. of the sum loaned and were made to cover the interest for the year in which the payments were made this exaction of usurious interest invalidated the original loan. We have held to the contrary, however, in the following cases: *Johnson* v. *Hull,* 57 Ark. 550; *Tillman* v. *Thatcher,* 56 Ark. 315; *Humphrey* v. *McCauley,* 55 Ark. 143; *Marks* v. *McGehee,* 35 Ark. 217. The doctrine of these cases is that the taint of a subsequent usurious contract does not invalidate a prior lawful contract, so that if a subsequent contract, executed in total or partial satisfaction of a prior valid contract, be void because usurious the creditor may sue upon and enforce the original debt.

The court computed the interest upon the $190 at 10 per cent. and after allowing credit for the payments made gave judgment for the balance. This finding is assailed upon the ground that as no writing evidenced an agreement to pay interest at any rate, the interest cannot be computed at a rate exceeding 6 per cent. and in support of this contention appellant relies upon section 5380 of Kirby's Digest and *Johnson* v. *Hull,* 57 Ark. 550.

The statute cited has no application here, for here the party who asks relief can obtain it only by an affirmative showing that he had borrowed money for which he had agreed to pay 10 per cent. per annum, to secure which he had executed a deed, but that the deed having been executed by way of security for the repayment of the loan was in fact only a mortgage. Courts of equity grant relief in such cases upon sufficient proof of the intent of the parties upon the ground that it would be a fraud to per-

mit one to retain property as having been conveyed by deed which had in fact only been conveyed by way of security, under an instrument intended as a mortgage. This court has granted relief of this character in a number of instances, but in so doing we have in each case applied the equitable doctrine that he who seeks equity must do equity, and the relief prayed has been granted upon condition only that the party seeking the reformation of a deed first perform the obligations which he assumed when the writing sought to be reformed was executed. *Williams* v. *Prioleau,* 123 Ark. 156-161; *Sturdivant* v. *McCorley,* 83 Ark. 278-282; *Sturdivant* v. *Cook,* 81 Ark. 279-285; *First National Bank* v. *Waddell,* 74 Ark. 241-252; *Grider* v. *Driver,* 46 Ark. 50; *Anthony* v. *Lawson,* 34 Ark. 628; *Anthony* v. *Anthony,* 23 Ark. 479; *Jones* v. *McLean,* 18 Ark. 456; *Ruddell* v. *Ambler,* 18 Ark. 369.

The court below so decreed and the decree is therefore affirmed.