ROBINSON *v.* MISSOURI PACIFIC TRANSPORTATION COMPANY.

4-4276

Opinion delivered April 20, 1936.

*Kenneth Coffelt* and *Wm. J. Kirby,* for appellants.
*Carmichael & Hendricks,* for appellee.

MEHAFFY, J. The appellant, Mrs. Fearney Robinson, brought suit in the Saline Circuit Court against the appellee for $3,000 damages, alleging that she was injured by the negligence of the appellee. The appellee filed answer and among other things, alleged in the answer "that its agent, in good faith and without prejudice, paid the full amount that appellee demanded, and that said payment discharged any and all claims for injury." There was a verdict and judgment for $2,500 in favor

of appellant, Mrs. Robinson, and appeal was prosecuted, and on October 14, 1935, the judgment of the Saline Circuit Court was affirmed by this court. *Robinson* v. *Missouri Pac. T. Co.,* 191 Ark. 428, 86 S. W. (2d) 913.

On December 9, 1935, the appellee filed suit in the Pulaski Chancery Court against Mrs. Fearney Robinson, Kenneth C. Coffelt, W. J. Kirby, Thomas C. Watson, Dr. M. M. Blakeley, Dr. William Feldman, Dr. A. J. McGill, Ethel Jacoway and R. J. Ashby. The petition in this case alleged that the Missouri Pacific Transportation Company had paid to Mrs. Fearney Robinson, the sum of $65, a day or two after the injury, in full settlement of her claim, and that that amount has never been refunded to it. It prayed that an order be made by the Pulaski Chancery Court that the amount of $65 be paid to it out of any funds in the court going to Mrs. Fearney Robinson.

Appellants filed answer denying the allegations in the petition, and alleging that the matter had already been passed upon by a court of competent jurisdiction, and that the Missouri Pacific Transportation Company has no right or claim to any portion of the money, and that Mrs. Robinson is not indebted to appellee in any sum for anything.

The case was tried in the chancery court on the following agreed statement of facts: "Comes on for hearing the petition of the plaintiff, Missouri Pacific Transportation Company, asking that the court allow it $65 out of the fund paid into the registry of this court in the above cause adjudged to be due Mrs. Fearney Robinson, and the answer of defendant, Mrs. Fearney Robinson, to said petition, and both parties agreeing that the cause may be submitted to the court for decision upon said petition of plaintiff, and the answer thereto of said defendant, and upon the following agreed statement of facts, to-wit:

"On the 3d day of November, 1934, Mrs. Fearney Robinson, defendant herein, filed suit in the circuit court of Saline County, Arkansas, against the plaintiff herein, Missouri Pacific Transportation Company, alleging that

she was negligently injured by it because of a defect in a certain metal stripping on the floor of its bus, when, in attempting to alight from its bus at Benton, on or about said date, she fell to the ground.

"She alleged that, within a few hours thereafter, the company fraudulently obtained a release from her for the consideration of $65, releasing it from any further liability to her for her said injury. Defendant company answered, denying all of plaintiff's allegations in her complaint, and charged her with contributory negligence. The cause was tried before a court and jury at the March term of said circuit court, 1935, and the jury rendered a verdict for her in the sum of $2,500, she having sued for $3,000, and in her complaint asked that said release be set aside. The cause was appealed by the Missouri Pacific Transportation Company to the Supreme Court of the State of Arkansas, and on the ............................ day of ...................................................., 1935, the cause was affirmed by the Supreme Court. On the ............................ day of ...................................................., 1935, said company filed in this, the chancery court of Pulaski County, Arkansas, its bill of interpleader, in which it paid into the registry of this court said judgment of $2,500 and accrued interest and cost which had been affirmed by the Supreme Court, alleging that certain parties, including said Mrs. Fearney Robinson, had different interests in said sum, and asking that said court decree as to whom and in what amounts said money should be paid.

"This court has decreed that out of said fund $700.73 shall go to said Mrs. Fearney Robinson.

"It is further agreed that Mrs. Fearney Robinson actually received the $65, and there was no issue made in the trial of the original suit as to its return, and no instruction was given in reference to its return."

Appellee states that this case presents two questions: First, Is the question *res judicata?* Second, Is appellee entitled to the return of the money paid for the release?

Appellee calls attention first to the case of *O. A. Pattison* v. *Seattle, Renton & Southern Railway Co.,* 64 Wash. 370, 116 Pac. 1089, 35 L. R. A. (N. S.) 660. It

quotes from said case the following: "According to the larger number of cases, it is unnecessary to return or tender the consideration for a release obtained by fraud, as a requisite to the maintenance of a suit for the damages resulting from the injury, it being sufficient that the amount be deducted from the verdict if one is obtained against defendant."

Among the larger number of cases are the cases decided by this court. It is the established rule of this court that it is unnecessary to return or tender the consideration for a release obtained by fraud, as a requisite to the maintenance of a suit for damages. This was recognized by appellee in the case in the Saline Circuit Court. It did not ask the return of the $65. It is, however, conceded by appellee that the rule established by this court is that it is unnecessary to tender or return the consideration.

Appellee next cites and quotes from 53 C. J. 1232. Immediately following the quotation from C. J., in the same paragraph, is the following: "But there is authority to the effect that such restoration or tender need not be made." The text cites several Arkansas cases. In fact, it has been many times held by this court that a tender or return is not necessary.

A recent case is *Missouri Pacific Railroad Company* v. *Elvins,* 176 Ark. 737, 4 S. W. (2d) 528.

Appellee cites and relies on the case of *Cowling* v. *Nelson,* 76 Ark. 146, 88 S. W. 913, in which it is stated: "This is true, and his action bound her in everything which the partition suit could validly accomplish—a partition of the lands and, where it is found incapable of partition without great prejudice, then a sale. These are the only issuable matters to be presented. On them she is bound. Beyond them she is not." Then follows the quotation relied on by appellee: "Litigants do not place themselves for all purposes under the control of the court, and it is only the interests involved in the particular suit that can be affected by the adjudication. Over other matters the court has no jurisdiction, and any decree or judgment relating to them is void."

The release in this case was pleaded by appellee, and the appellant, Mrs. Robinson, admitted that she had received the $65. We have many times held that all questions within the issue, whether formally litigated or not, are settled by the decision of the court.

"It is well-settled doctrine in this jurisdiction that a judgment of a court of competent jurisdiction is conclusive of all questions within the issue, whether formally litigated or not. It extends not only to questions of fact and law which were decided in the former suit, but also to the grounds of recovery or defense which might have been, but were not, presented." *Jamison* v. *Henderson*, 189 Ark. 204, 71 S. W. (2d) 696; *West 12th St. Road Imp. Dist. No. 30* v. *Kinstley*, 189 Ark. 126, 70 S. W. (2d) 555; *Ogden* v. *Pulaski County*, 189 Ark. 341, 71 S. W. (2d) 1062; *Coleman* v. *Mitchell*, 172 Ark. 619, 290 S. W. 64; *Connell Spec. Sch. Dist. No. 6* v. *Baggett*, 172 Ark. 681, 290 S. W. 577; *Robertson* v. *Evans,* 180 Ark. 420, 21 S. W. (2d) 610; *Morris & Co.* v. *Alexander & Co.*, 180 Ark. 735, 22 S. W. (2d) 558; *Shorten* v. *Brotherhood of Rd. Trainmen*, 182 Ark. 646, 32 S. W. (2d) 304; *Barney* v. *Texarkana*, 185 Ark. 1123, 51 S. W. (2d) 509; *Prewett* v. *Waterworks Imp. Dist. No. 1*, 176 Ark. 1166, 5 S. W. (2d) 735.

It is next contended by appellee that it is entitled to the return of the money, or was entitled to have it credited on the judgment. The suit was for $3,000. The appellee in this case alleged that it had paid $65. The jury returned a verdict for $2,500. It cannot be said that the jury did not take into consideration the $65 already paid. There was no request made that this question be submitted to the jury. There was no request of the court after judgment, that the $65 be credited on the judgment.

In the suit in the circuit court Mrs. Robinson admitted that she received the $65, a payment on the identical claim involved in her suit.

From the authorities above cited, it clearly appears that the rule is, in this court, that all matters within the issues are settled by the judgment whether litigated or

not. When one brings suit for $3,000 and admits that she has already been paid $65, and there is a verdict for only $2,500, it cannot be said that the jury did not consider the $65 payment.

In the case of *Capital Fire Ins. Co.* v. *Montgomery,* 81 Ark. 508, 99 S. W. 687, suit was brought against the insurance company for $575 upon a fire insurance policy issued to Montgomery on his dwelling house and furniture. The insurance company pleaded a written release of liability alleged to have been executed by the plaintiff in consideration of the sum of $25 paid to him as a compromise, and the further sum of $11.15 unearned premium paid to him. The jury returned a verdict for $575, the full amount sued for. It was said: "Appellant was entitled to credit on the amount of liability under the policy for the sum paid to him. We assume that the court instructed the jury to that effect. The jury returned a verdict for the amount of the loss without interest. The interest up to the date of the verdict was sufficient to cover the amount of payment, and we assume that the jury allowed the credits in that way."

In the instant case there was no request by either party for an instruction with reference to the release, or amount paid, but the undisputed proof was that the transportation company paid, and Mrs. Robinson received $65, and the presumption is that this was considered by the jury. If one should bring suit alleging that another owed him $1,000, and the defendant answered alleging that he paid him $100, and that that was all he owed him, and that he took his receipt in full, and the jury returned a verdict for $750, there could be no doubt that the jury took into consideration the payment which had been made. We think there can be no doubt in this case that the jury took this into consideration. The transportation company was entitled to a credit for the $65, but as we have already said it was settled by the verdict and judgment under the well-established rules of this court. Moreover, after the judgment was rendered no request was made by the appellee to the trial court to deduct the $65 from the $2,500 judgment. If

this request had been made at the time, there would have been no difficulty in finding out whether the jury did or did not take this into consideration.

Under the well-established rule of this court, this matter was settled by the judgment in the Saline Circuit Court because it was within the issues and could have been settled whether it was litigated or not.

The decree of the chancery court is reversed, and the cause is remanded with directions to dismiss the petition.