Hughes v. Holden.

5-1550                                           316 S. W. 2d 710

Opinion delivered May 12, 1958.

[Opinion on rehearing delivered October 6, 1958.]

16

*J. H. Spears*, for appellant.

*Frierson, Walker & Snellgrove*, for appellee.

ED. F. McFADDIN, Associate Justice. This case involves the claim of usury. The appellant, Hughes, filed the action against Appellee Holden, seeking to recover $4,128.90 because it was claimed that Holden had charged usury. The cause was tried before the Circuit Court without a jury; and the findings were made that the original contract and payments thereunder were free of usury. Accordingly, the judgment was in favor of Holden; and there is this appeal.

Holden owned a farm of several hundred acres in Crittenden County. In January, 1954 Hughes rented certain lands from Holden as a tenant, agreeing to pay Holden as rent one-third of the cotton and corn and other crops. Holden sold Hughes on credit certain farming implements, consisting of a tractor, plow, cultivator, etc., for a total in excess of $1,700. In addition, Holden, as landlord, furnished Hughes, as tenant, cash and supplies used in making the crop and amounting to several thousand dollars. There is no claim of usury in any such dealings.

The farming operations for 1954 were not financially successful, and in December of that year the parties made a new contract to rescind and supersede the landlord-tenant contract and the sales contract, both of which had been oral. In the new contract (likewise oral,

but conceded by all parties herein) Hughes agreed (a) to surrender to Holden all the farming implements without regard to value; (b) that the relation between Hughes and Holden for the crop year of 1954 was that of share-cropper instead of landlord-tenant; (c) that Hughes would receive the proceeds of only one-half of the crop instead of two-thirds of the crop; and (d) that Holden would charge all furnishings against Hughes' half of the crop. Among other things, the effect of this was to relieve Hughes of all obligation to pay for the farming implements. All of the 1954 cotton had been sold and the proceeds retained by Holden except nine bales, and Holden took over Hughes' half interest in this cotton at 33 cents a pound, and credited the amount against the furnishing account.

After the December agreement, changing the relationship from landlord-tenant to sharecropper as above mentioned, there were no further furnishings by Holden to Hughes and no further payments by Hughes to Holden. Some time thereafter, Hughes wanted a statement from Holden as to the final result of the 1954 operations; and Holden furnished Hughes a statement which showed that, after giving Hughes credit for all of the proceeds of his half of the crop and after charging Hughes with all furnishings, Hughes still owed Holden a balance of $740.05. This statement showed charges against Hughes of $5,093.81 and credits to Hughes' account of $4,353.76. Included in the charge items against Hughes there was this: "Finance Charge, $370.00." This is the item of usury.

Hughes moved from Holden's farm to the State of Mississippi; and then on March 14, 1955 filed the present action, seeking to recover the sum of $4,128.90, being the alleged value of all of Hughes' one-half of the crops. It was Hughes' contention that the charging of usury on the said statement in December, 1954 brought the previous dealings of the entire year within the interdiction of our Usury Statute (§ 68-601 *et seq.* Ark. Stats.)

But the defect in Hughes' argument is in the fact that usury never entered into any phase of the original

contract and was not brought into the dealings between the parties until the statement that Holden furnished Hughes after all dealings had been completed. The Trial Court found that in the original contract, "There was no provision for the payment of interest for moneys advanced to the plaintiff."[1] We can find no evidence that interest on the account was ever discussed in the conversations for the "new contract" in December; so the first appearance of any interest charge was in the statement furnished Hughes by Holden; and that was after all furnishings had been made and all crops accounted for. In short, the usury appeared only *after* the contract had been executed.

We have many times held that the taint of usury in a subsequent usurious contract does not invalidate a prior lawful contract, and the original contract may be enforced if clearly separated from the usury of the subsequent contract. *Walter* v. *Adams,* 138 Ark. 411, 211 S. W. 365; *Bank of Malvern* v. *Burton,* 67 Ark. 426, 55 S. W. 483; *Hynes* v. *Stevens,* 62 Ark. 491, 36 S. W. 689; *Johnson* v. *Hull,* 57 Ark. 550, 22 S. W. 176; *Tillman* v. *Thatcher,* 56 Ark. 334, 19 S. W. 968; and *Humphrey* v. *McCauley,* 55 Ark. 143, 17 S. W. 713. In 102 A. L. R. 573 there is an annotation entitled, "Contract not tainted with usury in inception as affected by subsequent usurious transactions in connection therewith"; and cases were cited from more than a score of jurisdictions to sustain the general rule that subsequent usurious transactions

---

[1] We copy a portion of the findings of the Trial Court: "(1) The plaintiff and defendant entered into a landlord and tenant agreement at the outset of 1954 whereby the rent reserved was one-third (1/3) of the crops grown on defendant's land. As a further consideration, defendant agreed to furnish plaintiff with money and supplies necessary to make the crop, and to sell to plaintiff a tractor and certain tools to use in making the crop. *There was no provision for the payment of interest for moneys advanced to the plaintiff.* (Italics supplied.)

"(2) The parties farmed under this agreement until some time in December, at which time it appeared to both that the contract was an unprofitable one for both parties. Plaintiff could not pay for the tractor and tools, and plaintiff could not pay for previous advances of money and supplies out of his share of the proceeds of the crop.

"(3) The parties then agreed that in consideration of the surrender of the tractor and tools and the mutual surrender of their respective rights under their contract they would substitute a new contract . ."

will not invalidate an original contract free of usury. See also 91 C. J. S. 640. Applying the rule of these cases to the case at bar, we are clearly of the opinion that Hughes is not entitled to recover any part of the proceeds of the crops because those proceeds were applied to his account by mutual consent before any usury ever entered into any of the dealings. So, on the main issue the judgment of the Trial Court is affirmed.

There is, however, a phase of this case which entitles Hughes to some relief, although it is a "Pyrrhic victory." In his complaint, Hughes alleged that the finance charge of $370.11 was usurious on the furnish account and Hughes prayed for "all other relief." He proved that the $370.11 was usurious; so he was entitled to a judgment finding that the finance charge was usurious and that Holden could not recover any part of the $740.05. When the Court dismissed Hughes' complaint, the effect was to leave it appearing that Hughes owed Holden a balance of $740.05. But when the Court found, as it did, that the usurious $370.11 entered into the balance of $740.05, then the Court should have found that the usury tainted the balance claimed by Holden against Hughes. The effect of such a finding would have been to cast Holden for the costs in the Trial Court as well as in this Court. So, we affirm the Trial Court in all respects except in the taxing of costs; and the effect of this modification is to charge all costs of all courts against Holden.

GEORGE ROSE SMITH and WARD, JJ., dissent as to the modification.

## ON REHEARING

GEORGE ROSE SMITH, J. In a petition for rehearing the appellee contends that we erred in modifying the trial court's judgment, by awarding the appellant his costs. We have concluded that this contention must be sustained. The circuit court was not asked to declare that the balance ostensibly owed to Holden was uncollectible, on account of usury, and in fact such a declaration would have added nothing to the legal effect of

the judgment. This is so because the appellant's complaint put in issue the account between the parties, and by the doctrine of *res judicata* the defendant's failure to assert a counterclaim precludes his enforcing it at a later date. Ark. Stats. 1947, § 27-1121; *Robinson* v. *Mo. Pac. Transp. Co.*, 192 Ark. 593, 93 S. W. 2d 311; *Shrieves* v. *Yarbrough*, 220 Ark. 256, 247 S. W. 2d 193. By his complaint Hughes sought a money judgment only, for $4,128.90. He recovered nothing either in the trial court or by his appeal to this court; so he is not entitled to his costs. Ark. Stats. 1947, § 27-2316; *William* v. *Buchanan*, 86 Ark. 259, 110 S. W. 1024; Supreme Court Rule 24.

The appellee's petition for rehearing is granted, and the trial court's judgment is affirmed without modification. The appellant's petition for rehearing is denied.

McFADDIN, J., dissents.