Thelma BROOKSHIRE, Executrix of the Estate of Jessie W. BROOKSHIRE, and Raymond D. ANDERSON *v.* Gary D. COFFMAN and Wilma COFFMAN

85-86                                    696 S.W.2d 748

Supreme Court of Arkansas
Opinion delivered October 7, 1985

*Laws & Swain, P.A.*, by: *William S. Swain*, for appellants.

*Mobley & Smith*, by: *William F. Smith*, for appellees.

DAVID NEWBERN, Justice. This is a mortgage foreclosure case involving the question whether the note secured by the mortgage was usurious under the law preceding Amendment 60 to the Arkansas Constitution. More precisely, the question is whether one who takes an assignment of a note which was not usurious when it was made may recover on that note when the transaction by which he acquired it consisted, in part, of issuing other notes which were usurious. We agree with the chancellor's decision that when assignment of the note was taken by the appellants' decedent it became part of the usurious transaction. Thus we agree the foreclosure could not be had because the note was void, and we affirm.

In 1978, the appellees, the Coffmans, executed a note for $45,000 to Peoples Bank and Trust Co. of Russellville, Arkansas, secured by a mortgage of a tract of land. A later note of $10,000 to the bank was secured by the same land. Neither note exceeded the 10% limit on the rate of interest provided by our law when the notes were made.

The Coffmans fell behind in their payments to the bank. Mr. Brookshire, the appellants' decedent, agreed to pay off the Coffmans' indebtedness to the bank if they would give him two notes in the amounts of $42,000 and $19,000, each at 10% interest. They agreed to do so, thus in 1980 the Coffmans

executed the two new notes to Brookshire secured by the same land as had secured the notes to the bank. Brookshire paid the bank the remaining balance of $42,903.76 and was assigned the notes the Coffmans had made in favor of the bank.

Mrs. Coffman testified that Brookshire told her he needed 18 ½% interest and that he would cancel out her indebtedness to the bank on the 10-year notes if she would give him the two 20-year notes, and her monthly payment to him would be about the same as it had been to the bank. She said she was under the impression the obligation to the bank had been taken care of by Brookshire and had been "released." She also testified without contradiction that she paid substantial closing costs with respect to the new notes and mortgage to Brookshire.

The first complaint alleged default on the $42,000 note to Brookshire and alleged an indebtedness of $52,550.03, principal and interest. The complaint did not mention the contemporaneous $19,000 note from the Coffmans to Brookshire. The answer to that complaint incorporated the $19,000 note and alleged the defense of usury.

The complaint was then amended to seek foreclosure based on the $45,000 and $10,000 notes assigned to Brookshire by the bank. The Coffmans answered that the parties to the transaction intended that the notes to the bank would be cancelled.

The complaint was amended ultimately to seek foreclosure of the mortgage securing only the $45,000 note assigned to Brookshire by the bank.

The $45,000 note was not usurious when it was issued and owed to the bank. The appellants make a good argument if the original contract is not usurious, subsequent usurious transactions involving the same debt will not make the original contract void. The cases cited by the appellants are typified by *Hughes* v. *Holden*, 229 Ark. 15, 316 S.W.2d 710 (1958), and the following language from the opinion:

> We have many times held that the taint of usury in a subsequent usurious contract does not invalidate a prior lawful contract, and the original contract may be enforced *if clearly separated* from the usury of the subsequent contract. [Citations omitted, emphasis added.]

In *Hughes* v. *Holden, supra*, the parties engaged in a non-usurious farm contract. After a novation, in which it was agreed Hughes would go from a cash rent to sharecrop basis, Hughes owed Holden money, and he asked for a statement of his account. When Holden gave Hughes his account statement, he added a usurious finance charge which had not appeared anywhere in the transaction previously. Hughes then sued to recover monies he had already paid to Holden under their original non-usurious contract, claiming the entire farm year transaction was invalid. *Sager* v. *Steinbrenner*, 99 Ark. 626, 139 S.W. 634 (1911), and *Garvin* v. *Linton*, 62 Ark. 370, 35 S.W.430 (1896), are similar examples of cases where we were able to say a non-usurious transaction was so separable from a usurious one as not to be affected by it.

■■ In the case before us now, the contrary is true. But for the loan from Brookshire to the appellee, Brookshire would not have become the assignee of the note which is the subject of this action. Although the note was not usurious when it was made to the bank, and it clearly could have been enforced by the bank, its assignment to Brookshire was undoubtedly part of a usurious scheme. While the appellee argues we should regard the note as having been cancelled because that was the obvious intent of the parties when the new notes were executed, we need not go that far. In Brookshire's hands, the note from the appellee to the bank became usurious. Our authority for that statement is found in our cases holding that we will scrutinize an entire transaction and we will not countenance an attempt to evade our pre-Amendment 60 usury law through tricky multiple transactions. *See, e.g., Commercial Credit Plan* v. *Chandler*, 218 Ark. 966, 239 S.W.2d 1009 (1951); *Hartzo* v. *Wilson*, 205 Ark. 965, 171 S.W.2d 956 (1943). *Cf. McDermott* v. *Strauss*, 283 Ark. 444, 678 S.W.2d 334 (1984). While in none of these cases are the facts the same as in the case before us, the principle applies.

■ The appellants ask that, if we find the transaction to be usurious under the pre-Amendment 60 law, we apply the penalty provided in Amendment 60 rather than declare the transaction void. The penalty is part of the substantive law applicable to the case which is determined at the inception of the transaction. *See Fausett and Co.* v. *G. & P. Real Estate*, 269 Ark. 481, 602 S.W.2d 669 (1980); *Hayes* v. *First National Bank of Memphis,*

116

*Tennessee*, 256 Ark. 328, 507 S.W.2d 701 (1974).

Affirmed.

PURTLE, J., not participating.