## MATLOCK VS. PUREFOY.

In an action of assumpsit, by the payee, on a promissory note, payable to J. M., or
 bearer, for value received, it is sufficient, in setting out the note according to its le-
gal effect, to allege that the defendant made his promissory note, and describe it as
payable to J. M.—omitting the words "or bearer" and "for value received."

It is unnecessary to allege the place where a bill or note was made, unless made in a
foreign country and the plaintiff seeks to recover interest or damages different from
that allowed by the law of the forum.

It is a fatal defect in a count upon an account stated, to allege a promise to pay the
amount with 10 per cent. interest, without alleging the promise to be in writing;
but such defect would be considered as amended under the statute (*Dig. ch.* 126, *p.*
806,) unless specially pointed out as cause of demurrer.

A breach in assumpsit, that the defendant "has not paid any of the said money, or
any part thereof, or the said ten per cent. interest, or any part of the said interest,"
is good enough, although not absolutely certain to every intent in every particular.

When the declaration contains a count on a note and one on account stated, the note
is not admissible in evidence, in proof of the account not charged to have been
signed by the defendant, until its execution be first proven.

*Appeal from the Circuit Court of Ouachita county.*

The Hon. ABNER A. STITH, Circuit Judge.

STRAIN and CUMMINS & GARLAND for appellant.

It was not necessary to allege that the note was payable to
bearer, nor to state the words "value received" in the declara-
tion—nor the place of its execution. *Story on Prom. Notes, sec.*
51; 2 *Arch. N. P.* 128. That the note could be given in evi-
dence under the issue on the second count, see *Jordan vs. Ford
& Dixon,* 2 *Eng.* 416; 2 *Arch. N. P.* 128; *Pierce vs. Crafts,* 12
*J. R.* 90. The plea was not verified by affidavit, and, there-
fore, the note could be given in evidence under the plea. *Bank
vs. Kirby et al.* 4 *Eng.* 353; *Dig.* 812, *secs.* 104, 105.

Mr. Justice Scott delivered the opinion of the Court.

The action was assumpsit on a promisory note. There was a special count on the note bearing ten per cent. interest, setting it out according to its legal effect, and a count on an account stated, alleging a promise to pay the amount named *with ten per cent. interest.* It was not alleged that the promise to pay this last named interest *was in writing.*

There was a demurrer assigning—1. Because the note was not described as payable to John Matlock *or bearer*—2d. Was not described as given for *value received*—3d. Was not described as made at *Camden, Arkansas*—4th. The breach was not sufficiently certain in its negative as to the *ten per cent. interest.*

The breach was, " has not paid any of the said moneys, or any part thereof, or the said ten per cent. interest, or any part of the said interest."

The note, which we will presume was given on oyer, although there is no entry to that effect in the record, was dated " Camden, Arks."—was payable to J. M. " or bearer," and " for value received" was upon its face.

The Court sustained the demurrer to the *first* count, and overruled it as to the second. The fatal defect in the second count (*Dig. Stat. of Interest, sec.* 2, *p.* 614,) not having been pointed out in the demurrer, was, no doubt, considered by the Court as amended, as by striking out the words " ten per cent. interest," under section 62 of the statute of demurrers. (*Dig. chap.* 126, *p.* 806 )

We think, however, that none of the supposed defects expressed in the demurrer, ought to have been regarded as sufficient to authorize the Court to sustain it. Not one of them pointed out a substantial defect, as we think. There was no effort to set out the note *in haec verba.* 1st. If the plaintiff had declared on a derivative title, and there was no endorsement, then, to *show title* to sue, he would have had to allege the note as payable to " J. M. or bearer;" but in this case, J. M., the payee, was himself the plaintiff. 2. The plaintiff alleged that the defendant " made his promissory note." *A promissory note imports* value received. *Story on Prom. Notes, sec.* 51. 3. In

the case of *Semon et al. vs. Hill ad.*, 2 *Eng. R.* 73, this Court cited with approbation the case of *Houriet vs. Morris*, 3 *Campbell R.*, in which Lord Ellenborough held it unnecessary to state the place where the instrument was made. (See, also, *Chitty on Bills*, *p.* 564. *Payne vs. Brittin exr.*, 6 *Rand.* 101.) Where a bill may have been made in a foreign country, and the plaintiff seeks to recover interest or damages different from that allowed by the law of the forum, then the place ought to be alleged, because, in that case, matter of substance. In general, however, if stated, it would not be traversible, and would be treated as surplusage. (*Swinney et al. vs. Burnside & Co.*, 17 *Ark. R.* 38.) 4. As to the breach, although not absolutely certain to every intent in every particular that a sharp lawyer in sharp practice might conceive, it seems good enough. Because, it is easy to see that the plaintiff said that the defendant had paid no part of the money or interest that he had before alleged he had promised to pay him.

But although the Court erred in sustaining the demurrer, it is perfectly clear that the decision upon the other question was right;—that is, in excluding the note as evidence upon the second count, after the first was quashed, until its execution should be first proven as at common law. Because *then* the declaration was not " founded upon any instrument or note *in writing* charged to have been *executed by the other party*," (*Dig. ch.* 126, secs. 103–'4; *Bank of the State vs. Kirby, et al.*, 4 *Eng. R.* 353,) but was upon an account stated, not charged to have been signed by the defendant.

Judgment reversed and cause remanded.

Absent, Hon. THOS. B. HANLY.