The chattel mortgage was in due form, and apparently valid. By the statute it was void if it was "made with the intent to hinder, delay or defraud creditors," and such intent would readily be found, if it was made upon no consideration. The defendant did not prove that the mortgage was without consideration, but simply that the mortgagor did not owe the plaintiff any money, and did not receive any money from him at the time the mortgage was made, thus contradicting the particular consideration recited or declared in the mortgage. He did not show, or propose to show, that the mortgage rested upon no consideration. Would the referee have been bound to find, as the evidence then stood, that the mortgage was made with the intent to hinder, delay or defraud creditors, and that it was, therefore, void as to the defendant? If so, then, in every case where the consideration in a chattel mortgage is not truly stated, it must be declared to be void as to the creditors of the mortgagor, unless the true consideration may be shown by evidence contradicting or explaining the consideration clause.
In this case the referee decided to admit parol evidence to prove the real consideration, differing from that expressed in the instrument, and in this there was no error. It is a general rule that parol evidence cannot be given to contradict or vary written evidence. To this there are some exceptions. Parol evidence may be given to contradict or explain a mere receipt, and this rule was long since applied to the acknowledgment of the receipt of the consideration expressed in a deed. (Shepherd v.Little, 14 John., 210; Bowen v. Bell, 20 id., 338.) InMcCrea v. Purmont (16 Wend., 460), the English and American cases are largely considered, and it was held that it might be shown that the consideration was iron, of a specified quantity, valued at a stipulated price, instead of money paid, as expressed in the deed. And it was said in the opinion that the cases decided surrendered the consideration clause in a deed to the utmost latitude of inquiry, whenever this should become material to a personal action between the parties. *Page 381 
It has been adjudged in several cases that parol evidence is admissible to show the purpose and intent for which a mortgage was executed, though, upon its face, it should appear to be for the payment of a specified sum of money. It may be shown that its purpose was security for future advances, or responsibilities, or for balances which might be due from time to time.
In Shirras et al. v. Craig (7 Cranch, 34), the mortgage purported to secure a debt of £ 30,000 sterling, due to all the mortgagees. It was shown, by parol evidence, that the intent and purpose of the mortgage was to secure different sums due at the time to different mortgagees, and advances afterwards to be made, and liabilities to be incurred to an uncertain amount. (See, also, Bank of Utica v. Finch, 3 Barb. Ch., 293.) InTruscott v. Wing (2 Seld., 147), a judgment was confessed for $20,000. It was shown by parol evidence that the purpose of the judgment was a security for future advances. These cases relate to the purposes and objects of the mortgages or judgment which bound real estate, and parol evidence was admitted for the purpose of showing the true consideration, under the rule that the consideration is open to inquiry. The Supreme Court of the United States have applied the same rule to a chattel mortgage made in Illinois. (Lawrence v. Tucker, 23 How. U.S., 14.)
I think the authorities settle the question that the plaintiff in this case was not precluded, by the recital or statement, in the mortgage of the indebtedness of $1,000, for money advanced, and that the sale and transfer of the goods were made to secure the payment of such sum, from showing the real consideration, to wit: the security of the plaintiff for his indorsement.
The position of the defendant's counsel is that the parol evidence was not for the purpose of explaining the consideration merely, but its effect was to change the entire contract, and show the purpose of the execution of the mortgage to have been different from that expressed in the writing. But the evidence was confined to the question of the consideration of *Page 382 
the mortgage, and I do not think it necessary to consider its subsequent provisions or conditions. The question of consideration was raised by the defendant's proving, by the mortgagee, that no money was advanced to him upon the mortgage. It then became proper, if not necessary, to show what the real consideration was, and this was all that was done. The plaintiff had a valid mortgage, as to the mortgagor. He would not have been permitted to impeach it by showing that the consideration was not money advanced to him, and then shutting out evidence of the true consideration. As to the creditors of the mortgagor, the question was whether the mortgage was made without intent to hinder, delay or defraud them, and this involved the question of consideration. It is undoubtedly always advisable to state, fairly and plainly, the true consideration, and when this is not done, the instrument may be open to suspicion, and the question may be fairly raised whether, in stating an untrue, instead of the true, consideration, there was not a design to mislead and deceive the creditors of the mortgagor, or judgment debtor, and to hinder, delay or defraud them. Our system touching the filing of chattel mortgages, and thus giving notice may also be taken into account upon the question of intent to defraud. In this case the referee passed upon this question, as one of fact, and found that the mortgage was executed in good faith and for a valuable consideration, without any intent to defraud the creditors of the mortgagor.
If I am right thus far, the objection made to the question put to the plaintiff, as a witness, touching his reliance on the security of the mortgage for his indorsement of the two $500 notes, was not well founded. The question, in effect, was whether the two $500 notes were substituted for the $1,000 note. The position of the defendants' counsel, all through the case, has been that the liability of the plaintiff, as indorser, was not covered by the mortgage, and that it could not be shown by parol evidence that it was. This position has been fully considered, and found not to be tenable, and the objection to the question falls with the main position. *Page 383 
The order of the Supreme Court should be reversed, and the judgment should be affirmed.
All the judges concurring,
Order reversed, and judgment affirmed.