JOHNSON and others *vs.* CURTIS & WEED.

A mortgage, upon logs and lumber, did not authorize the mortgagor to sell the property, but in effect provided that the lumber mortagaged, and that which should be manufactured from the logs, should be delivered to the mortgagees and received by them at a price which they had previously paid the mortgagor for such lumber, and the value thereof should be applied on the mortgage debt. *Held* that the mortgage was not fraudulent in law.

W. being indebted to the plaintiffs, in order to secure the payment of the debt, executed a mortgage to them upon a quantity of saw logs and lumber, accompanied by a verbal agreement that W. should manufacture and deliver the lumber to the mortgagees, who were to advance to W. a portion of the value of the lumber, in cash, and apply the residue upon the mortgage; the object of the arrangement being to secure the plaintiffs' claim against W. and at the same time to enable him to proceed with his business and thereby pay the plaintiffs their debt. *Held* that this transaction was not so absolutely fraudulent, even as to creditors, as to justify the court in refusing to submit the question of fraud to the jury.

Johnson *v.* Curtis.

That it was a proper case for the jury to pass upon, and to determine from all the evidence whether the transaction was consistent with honesty and fair dealing; or whether it was intended as a mere cover to enable the mortgagor to keep his creditors at bay, and to prevent the collection of their debts.

THIS cause came before this court upon exceptions ordered to be heard in the first instance at general term. A verdict was rendered in favor of the plaintiffs, at the Sullivan circuit, in October, 1863, for $1200. The action was instituted by the plaintiffs to recover the value of a quantity of lumber, alleged by them to have been wrongfully converted by the defendants. The plaintiffs claimed the lumber by virtue of a chattel mortgage, executed to them by one A. B. Wolcott, to secure the payment of $2000. The defendants attempted to justify the taking and sale of the lumber by virtue of several executions issued upon judgments recovered in the supreme court against the said Wolcott, by creditors. The mortgage was executed and filed prior to the recovery of such judgments, and the sale of the lumber was forbidden by the plaintiffs, upon the sale.

*A. J. Bush,* for the defendants.

*T. Moore,* for the plaintiffs.

*By the Court,* INGALLS, J. The mortgage contains no provisions which render it fraudulent in law. It recites a consideration which was susceptible of explanation by parol. (*McKinster* v. *Babcock,* 26 *N. Y. Rep.* 378.) It does not authorize Wolcott to sell the property, but in effect provides that the lumber mortgaged, and that which should be manufactured from the logs also mortgaged, should be delivered to the mortgagees, and received by them at a price which they had previously paid said Wolcott for such lumber, and the value thereof to be applied upon the mortgage debt. Such a transaction does not render the security fraudulent in law. (*Ford* v. *Williams,* 24 *N. Y. Rep.* 359.)

The remaining question to be considered is, whether the court erred in refusing to nonsuit the plaintiffs, and in submitting the question of fraudulent intent to the jury. In *Ford* v. *Williams,* (24 *N. Y. Rep.* 364,) Denio, J. says: "Where the transaction, though suspicious, is capable of a construction consistent with fairness, and the absence of fraud, it must be passed upon by a jury." (*See also Butler* v. *Van Wyck,* 1 *Hill,* 438; *Smith* v. *Acker,* 23 *Wend.* 653.) It appears from the evidence that the plaintiffs had been dealing with Wolcott for a considerable length of time, prior to the execution of the mortgage. They executed their notes for the benefit of Wolcott, and received of him lumber, applying the avails thereof upon his indebtedness to them, arising from the execution of such notes, and the payment thereof by the plaintiffs. These transactions were continued until the 24th April, 1861, when it was ascertained that Wolcott's indebtedness to the plaintiffs amounted to from $2000 to $3000, and to secure such indebtedness the mortgage was executed, accompanied with a verbal agreement by which Wolcott was to manufacture and deliver the lumber to the plaintiffs, who were to advance to Wolcott a portion of the value of the lumber in cash, and apply the residue upon the mortgage. After the execution of the mortgage, the plaintiffs continued to advance money to Wolcott. The object of the arrangement seems to have been to secure the plaintiffs' claim against Wolcott, and at the same time to enable him to proceed with his business, and thereby pay the plaintiffs their debt. The evidence shows an actual indebtedness on the part of Wolcott to the plaintiffs, at the time the mortgage was executed, and at the time of trial. I think such a transaction is not so absolutely fraudulent, even as to creditors, as to justify the court in refusing to submit the question of fraud to the jury. It was a proper case for the jury to pass upon, and to determine from all the evidence whether the transaction was consistent with honesty and fair dealing,

or whether it was intended as a mere cover to enable Wolcott to keep his creditors at bay, and to prevent the collection of their debts. The learned justice properly submitted that question to the jury, and the evidence is not such as to justify this court in interfering with the verdict. A new trial must be denied with costs, and the plaintiffs are to be at liberty to perfect judgment upon the verdict.

[ALBANY GENERAL TERM, September 19, 1864. *Peckham*, *Miller* and *Ingalls*, Justices.]