NEER *v.* OAKLEY *et al.*

(*City Court of Brooklyn, General Term.* October 22, 1888.)

1. PARTNERSHIP—FIRM AND PRIVATE INDEBTEDNESS—FRAUDULENT CONVEYANCES.
   In an action involving the validity of a mortgage of partnership property, executed by a member of the firm in the firm name, and at once assigned to his wife, who was the real creditor, where the testimony of the executing partner and the assignee tends to show that the loan for which the mortgage was given was made for the benefit of the firm, and not for the individual benefit of the executing partner, as against the other partner's denial of any knowledge of such indebtedness, the question of the firm indebtedness is property submitted to the jury.

2. SAME—EVIDENCE—ADMISSIBILITY.
   Where a mortgage of firm property is made by one of the partners in the firm name, and is immediately assigned by the mortgagee to the wife of the partner executing the mortgage, evidence is admissible to show that the mortgage was made to secure a firm debt to the assignee, instead of the mortgagee.

3. SAME—AUTHORITY OF PARTNER—MORTGAGES.
   One partner can in the firm name execute a mortgage of the firm property, to secure a firm debt, without consulting his partner.[1]

Appeal from trial term; N. H. CLEMENT, Judge.

This is an action brought by Fanny O. Neer against Charles B. Farley, sheriff of King's county, for the seizure and sale of certain personal property, consisting of livery stock, on execution issued on a judgment in favor of Oakley & Smith, and against Curtis & Neer, a copartnership composed of Joseph Curtis and Milton M. Neer, husband of the plaintiff. By order of court, Whitson Oakley and George W. Oakley, indemnitors, were afterwards substituted defendants in place of the sheriff. Plaintiff claims the property as assignee of a mortgage executed to one Van Pelt Palmer in the firm name of Curtis & Neer, "per Milton M. Neer." The defendants contend that the mort-

---

[1] A partner has authority to mortgage the chattels of the partnership, to secure the payment of partnership debts, without the knowledge or consent of his copartners, Hembree v. Blackburn, (Or.) 19 Pac. Rep. 73; or to give a sealed power of attorney to confess judgment, in the firm name, where a seal is not necessary to such instrument, Alexander v. Alexander, (Va.) 7 S. E. Rep. 335. Respecting the power of a partner to bind the firm, in general, see note to Alexander v. Alexander, *supra*; Van Winkle v. Wilkins, (Ga.) 7 S. E. Rep. 644, and note.

gage was executed in fraud of creditors, and that it was therefore void as to them. It appears that, in 1883 or 1885, Joseph Curtis and Milton M. Neer entered into a copartnership for the purpose of buying and selling horses. Their united capital amounted to but $40, with which they bought their first horse. They afterwards procured credit with Oakley & Smith, from whom a large number of horses was purchased, which were paid for from time to time, as money could be procured for that purpose. Milton Neer testifies that when the firm commenced business he was otherwise engaged at $12 per week. In consideration of his giving up his employment, and giving his personal attention to the business of the firm, it was agreed that he should draw out from the concern $12 per week as salary; Curtis being a drummer for a cracker-house, and not being able to give any time to the business. There were no articles of copartnership, but it was expected each would contribute his share, when necessary, in order to meet payments. Neer testifies that on several occasions, when it was necessary for the firm to have money to defray expenses or make payments on horses or other stock, with the knowledge and consent of Curtis, he borrowed money from his wife, which money was all used for the benefit of the firm; that he borrowed it on the credit of the firm, and not on his personal credit; that he borrowed it with the understanding and intent that it should be a firm, and not a personal, debt. The money obtained from his wife was her own money, earned by her in the millinery business, and in keeping boarders. A portion of it was also obtained from her mother and from her father's estate. With the understanding that a mortgage by the firm of which he was a member could not be made directly to his wife, it was, by advice of counsel, made to Palmer, and at once assigned to the plaintiff. He further testifies that, though Oakley & Smith had pressed for payment of a large claim, the mortgage was made only for the purpose of securing a debt of the firm to his wife, and without any intent to save anything for himself as against his other creditors. The plaintiff testified that in taking the mortgage she had no intent to defraud creditors, but only desired to secure what the firm owed her; that the money was not loaned to her husband to help make up his share of the capital, but for the purpose of paying the debts of the firm. As to the sources from which she derived the money, her testimony corroborates her husband's. Joseph Curtis testified that it was understood between him and Neer that each should put in an equal amount of capital, and that they always endeavored to do so; that he never knew of any indebtedness whatever to Mrs. Neer, nor where Milton Neer obtained the money supplied by him; that Neer put into the concern only about $350, while his contributions amounted to about $3,000. The jury rendered a verdict for the plaintiff for the amount of her debt, and the court overruling a motion for a new trial, defendants appeal, assigning as error the submission of the question of the firm's indebtedness to plaintiff by reason of insufficiency of evidence; the admission of evidence to show that the mortgage was made to secure an indebtedness to plaintiff instead of Palmer, and contending that Neer could not, under the circumstances of the case, make a mortgage of partnership property, in the firm name, which would be valid as against his copartner or the creditors of the firm.

Argued before VAN WYCK and OSBORNE, JJ.

*Benj. G. Hitchings,* for appellants.    *Zimmerman & Jacobs,* for respondent.

VAN WYCK, J.  This action involved the validity of a chattel mortgage made by Curtis & Neer, per Milton M. Neer, one of the partners, on part of the firm assets, to one Van Pelt Palmer. The mortgage recites an indebtedness of the firm to Palmer of $490. The plaintiff, in support of the validity of the same, offered testimony, which was admitted against the objection of defendants, to show that Curtis & Neer were indebted to her, and not to Palmer, for money loaned by her to said firm; and that the mortgage was given

to secure this indebtedness to her, and was made out in the name of Palmer, and immediately assigned to her, under the direction and advice of counsel that it could not be made directly to her because her husband was one of the mortgagors. The testimony in the case clearly warranted the submission to the jury of the question whether or not the said firm was indebted to plaintiff for money loaned. It was not error to allow the plaintiff to show that the mortgage was given to secure the firm indebtedness to her, though made out in the name of Palmer, by whom it was at once assigned to her. *McKinster* v. *Babcock*, 26 N. Y. 378; *Bainbridge* v. *Richmond*, 17 Hun, 391; affirmed, on opinion below, 78 N. Y. 618. One partner can in the firm name execute a mortgage of the firm chattels to secure a firm debt without consulting his copartner. *Mabbett* v. *White*, 12 N. Y. 442; *Graser* v. *Stellwagen*, 25 N. Y. 315. ·This disposes of the chief objections of the appellants. On the other exceptions no such error can be predicated as would justify the reversal of the judgment. The court properly and fairly submitted to the jury the controverted questions of facts raised on the issues in this action. We see no reason for disturbing the verdict of the jury upholding the validity of the mortgage. Judgment and order denying motion for new trial must be affirmed, with costs.

OSBORNE, J., concurred.