## TOMPKINS *v.* VAUGHT.

### Opinion delivered April 7, 1919.

1. USURY—ESTOPPEL.—In a suit to foreclose a mortgage securing loans alleged to be usurious, the borrower, by accepting a check given by the lender in correction of a mistake in calculation, did not estop himself from pleading usury where there was an additional charge made intentionally in excess of the maximum legal rate of interest.

2. USURY—PAYMENT OF BROKER'S COMMISSION.—Where $900 was loaned at 6 per cent. for seven years and, in addition to notes therefor, the borrower executed two notes for $63 each to the lender's broker, secured by a second mortgage, the latter notes and mortgage were usurious as providing for interest above the legal rate of 10 per cent.

3. USURY—INTEREST NOTES.—Where notes for an excessive amount of interest were executed, such notes are void, whether the law of Oklahoma or of Arkansas governs the contract.

Appeal from Polk Chancery Court; *Jas. D. Shaver,* Chancellor; affirmed.

*Prickett & Pipkin,* and *Pearson & Baird* (of Oklahoma City), for appellant.

1. Appellees are estopped. No man can take advantage of his own wrong. 5 L. R. A. 344; 52 Ark. 211. The Vaughts claimed to have received $774 and begun their contest on the ground that the contract is usurious

and then receive and cash the check for $36 more and then still insist on equitable relief. They are estopped. 32 Ark. 346; 53 *Id.* 514; 30 *Id.* 453; 97 *Id.* 163.

2. The contract was not usurious. Cox was the agent of the borrower and the interest and commission paid him do not make the loan usurious. 63 Ark. 385; *Ib.* 249; 66 *Id.* 387; *Ib.* 159; 51 *Id.* 535, 546; 126 *Id.* 155; 91 *Id.* 461; 206 S. W. 40. Usury will not be presumed. 68 Ark. 162; 74 *Id.* 252; 67 *Id.* 159. There was no intention to charge usurious interest. If any calculation shows usury, it was a mistake. The contract was made in Oklahoma, and the laws of Oklahoma, the place of the contract, give the remedy. 66 Ark. 77; 12 Mod. Am. Law. 55-56.

Reservation of excessive interest by mistake is not usury. 75 Ark. 387; 62 *Id.* 370; 63 *Id.* 225; 67 *Id.* 159.

On the law and facts there was no usury. *Supra.*

*J. I. Alley,* for appellees.

1. The facts show a wilful case of usury. There can be no estoppel. 65 Ark. 316; 32 *Id.* 346; 55 *Id.* 143; 35 *Id.* 217.

2. The court below found that it was an Arkansas contract and governed by its laws and its finding will not be disturbed unless clearly against the preponderance of the evidence. 89 *Id.* 132; 77 *Id.* 305.

3. There was no mistake in charging usury. The case of *Habach* v. *Johnson,* 132 Ark. 374, settles all the contentions of appellant's against them.

4. Cox was not the agent of the borrower, but really of the lender, and took the written contract as a subterfuge for the purpose of collecting the commission and avoiding the disastrous result of usury.

McCULLOCH, C. J. This is an action instituted by appellant against appellees in the chancery court of Polk County to foreclose a mortgage executed by appellees on land in that county. Appellees pleaded usury as a defense, and the chancellor sustained the plea upon the testimony adduced and rendered a decree dismissing appellant's complaint for want of equity.

Appellees borrowed money from F. B. Collins, doing business at Oklahoma City under the trade name of The F. B. Collins Investment Company, and executed to Collins their note for the sum of $900, payable in seven years from date with interest at the rate of six per centum per annum, payable semi-annually, and also executed to Collins a mortgage on the lands involved in this controversy. The loan was to be for the sum of $900, and was negotiated by one Cox, who procured appellees to sign an application for the loan creating him (Cox) as agent of the borrower and agreeing to pay a broker's commission in the sum of $252. Cox transferred his contract to appellant, and the loan was closed by the preparation of the necessary papers at the office of Collins and appellant in Oklahoma City and sent to Polk County, where appellees resided, for execution.

At the time of the execution of the mortgage to Collins, appellees also executed two joint promissory notes, each for the sum of $63, payable in one and two years, respectively, and also executed to appellant a mortgage on the same lands subject to the Collins mortgage. These papers were forwarded to Collins and the loan was consummated by Collins paying to appellees the sum of $774, but thereafter appellant paid over to appellees the additional sum of $36, making $810, total amount received by appellees under the loan.

Collins is not a party to this action, and, so far as we know from this record, has not instituted any action to foreclose his mortgage. This suit involves only the mortgage to Tompkins for the two notes given as a commission, as contended by appellant, and a bonus according to the contention of appellees.

There is a controversy, in the first place, as to whether the payment to appellees of the additional sum of $36 was made in correction of an honest mistake in the calculation of the amount due under the loan so as to bring the case within the rule that the acceptance or reservation of excessive interest through mistake of fact on the part of the lender does not render the contract usu-

rious (*Garvin* v. *Linton,* 62 Ark. 370); or whether the payment was a mere afterthought and was made with intention to avoid the charge of usury.

The notes and mortgage were executed on January 7, 1916, and the additional payment was made by a check mailed to appellees from appellant's office April 18, 1916, which was nearly a year before the commencement of the present action. Appellees held the check a considerable length of time before collecting it, but finally presented the check for payment and received the money on it. Appellant testified that there was a mistake in the calculation, and that this check was sent to appellees in correction of the mistake, and we do not find any contradiction of his testimony on that subject.

It is further contended that the acceptance by appellees of the check operates as an estoppel which prevents them from pleading usury, but we see no reason for applying the doctrine of estoppel, except to treat the acceptance of the check as a correction *pro tanto* of the mistake. If, however, there was an additional charge made intentionally in excess of the maximum legal rate of interest, the correction of the mistake does not rescue the contract from the taint of usury.

It is seen from the foregoing statement that appellees received the sum of $810 and executed to Collins their note for $900, with six per cent. interest from date, and also executed two notes aggregating $126 to appellant, and a simple computation of the interest shows that according to the contract as written appellees were obligated to pay sums which in the aggregate exceeded the principal sum received by them and ten per centum per annum. Both sides agree in the argument that, adding interest at the rate of ten per centum per annum for seven years on $810, makes the aggregate sum of $1,377, whereas, adding to the $900 note the interest at six per centum for seven years, and also adding the sum of $126, evidenced by the notes to appellant, makes a total of $1,404, or $27 over the principal actually received and interest at ten per centum.

There is no contention that this resulted from any mistake of fact, but the plea of usury is sought to be avoided on other grounds. It is contended that Cox was the agent of the borrower, and that for that reason the amount which appellees agreed to pay him as commission should not be computed as a part of the interest for the forbearance, but we think the evidence justifies the finding that this contract was a mere subterfuge, and that appellant's relations with Collins, the lender, were such that he should be treated as a party to the loan, and that neither Cox nor appellant were in fact the agent of the borrower. In other words, the evidence justifies the conclusion that the notes in controversy were executed purely as a bonus to the lender, or his agent, for making the loan, and that the contract is on that account usurious.

Collins, not being a party to the present action, the decree in this case will not affect his rights in a suit instituted by him to foreclose his mortgage, for the testimony may be different on material points. We merely hold now that, according to the evidence before us, the contract is shown to be one for the payment of interest in excess of ten per centum per annum.

The notes were dated and made payable in the State of Oklahoma, but the proof shows that they were in fact executed in the State of Arkansas. We need not stop to consider whether the rights of the parties should be tested by the laws of Arkansas or by the laws of Oklahoma, for in either event there can be no recovery.

Under our laws the contract for the payment of interest in excess of ten per centum per annum is usurious and void *in toto*. Under the Oklahoma Constitution and statutes ten per centum per annum is the maximum rate of interest allowed, and it is provided that charging a rate of interest in excess of ten per centum per annum "shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon." Constitution of Oklahoma, article 14, sections 2 and 3; Revised Laws of Oklahoma (1910), volume 1, section 1005.

If the laws of Oklahoma are to control, the contract is valid as to the principal debt, and there may be a recovery here for that amount, but there can be no recovery on the agreement to pay interest, which is forfeited under the Oklahoma law. *Crebbin* v. *Deloney,* 70 Ark. 493. The notes executed to appellant constituted part of the interest, which is forfeited, and there can be no recovery on those notes.

Of course, if the law of Arkansas were to be treated as controlling the right of recovery, the whole contract would be held to be void as to both principal and interest.

It follows that the decree of the chancery court was correct, and should be affirmed. It is so ordered.