Gilliam v. Peebles.

Opinion delivered June 28, 1920.

1. Appeal and error—chancellor's finding.—A chancellor's finding of facts will be accepted as correct where there was a sharp conflict in the testimony, and the only testimony bearing on this issue was that of the two parties themselves.

2. Usury—intent to pay excessive interest.—If an amount was added to a note by mistake, without any intention on the part of either of the parties to charge or pay usury, it would not constitute usury.

3. Mortgages—form of instrument.—Where the evidence clearly shows that an instrument was intended to secure a debt, it will be held to be a mortgage, regardless of its particular form.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Avery M. Blount,* for appellant.

The contract was usurious. The deed was an equitable mortgage but tainted and void for usury. 47 Ark. 287; 36 *Id.* 252; 51 S. W. 460; 32 Ark. 346; 41 *Id.* 331.

*John D. DeBois,* for appellee.

The court properly held that there was no usury as the evidence shows there was none. The burden was on him who pleads usury to prove it. The excess of $100 in

the note was $50 to cover taxes and improvement assessments and the other $50 was added by mistake of the attorney who prepared the deed. Under the circumstances and proof there was no usury. 91 Ark. 461; 83 *Id.* 31; 54 *Id.* 566; 86 *Id.* 25; 87 *Id.* 526. Usury is never inferred; it must be proved. 107 Ark. 10. The burden was on him who pleads usury to prove it. 105 Ark. 653; 74 *Id.* 241; 91 *Id.* 458.

Where there is no option given to purchase land within a fixed time, time to close under said option is material. 82 Ark. 573. Where the option is limited to a specific and definite time, it is necessary that the option be exercised before the option expires or it is lost. 82 Ark. 582. The time specified for the performance is of the essence of the contract, and the party holding the option must show performance. 103 Ark. 575, 580-1; 82 *Id.* 582-3.

The findings of the chancellor that the deed was an equitable mortgage and that there was no usury are sustained by the evidence.

McCULLOCH, C. J. Appellant owned a certain lot or tract of real estate in Searcy, White County, Arkansas, and on September 8, 1917, she mortgaged it to appellee to secure a note in the sum of $485, bearing interest at the rate of ten per cent. per annum from date until paid, executed in evidence of a debt to appellee for borrowed money. The debt was not paid, and on January 10, 1919, there was an unpaid balance of $449.25 on the debt. Appellant applied to appellee for an additional loan of $400, which appellee agreed to make to her, and did make, which increased the debt to $849.25. On that date appellant executed to appellee a deed of conveyance covering the same property, which said deed contained the following clause:

"To have and to hold the same unto the said Neal Peebles and unto his heirs and assigns forever, with all appurtenances and improvements thereto belonging, provided, however, that if said grantor pays to said grantee

on the first day of March, 1919, the sum of one hundred dollars, and on April 1, 1919, the sum of one hundred dollars, and on May 1, 1919, the sum of one hundred dollars, and on June 1, 1919, the sum of one hundred dollars, all of which said sums shall draw interest from date until paid at the rate of ten per cent. per annum, and shall fully pay off and discharge a certain deed of trust executed by the grantor herein, to the grantee herein, dated September 8, 1917, and recorded in deed of trust record, volume 38, page 630, said deed of trust having been given for the sum of four hundred eighty-five dollars, then this deed is to become null and void, but, should default be made in any of the payments as above stated, at the time either of them become due, then the title to the above described lands shall be vested absolutely in the said Neal Peebles, his heirs and assigns.''

The deed recited a cash consideration of $949.25, and receipt of same was acknowledged in the deed.

Appellant did not pay said sum of money as recited in the conveyance, and appellee, who was the plaintiff below, instituted this action in the chancery court of White County against appellant to confirm his title under the conveyance, or, if the court found that the conveyance was in effect a mortgage, that the same be foreclosed. Appellant pleaded usury and prayed that the conveyance be canceled. On the trial of the cause the court found the issues on the plea of usury in favor of appellee, but also found that the conveyance was intended as a mortgage and decreed a foreclosure for the amount found to be due on the debt of appellant to appellee, including both the original mortgage debt and the amount of the added loan made by appellee at the time of the last conveyance.

It is conceded that the sum recited in the conveyance was $100 in excess of the actual amount due by appellant to appellee, but the contention of appellee, and he so testified in the trial of the cause, was and is that $50 was added to cover the estimated amount of taxes

and improvement taxes which he was to pay on the property and that the other $50 was added by mistake of the attorney who prepared the deed. He testified that this mistake was discovered after appellant had signed the deed and before the parties separated, appellee being a resident of the city of Little Rock and was anxious to return home on a train which was about to leave Searcy at that time, and that, in order to obviate the necessity of rewriting the papers to correct the mistake, it was agreed that he should credit the sum of $50 on the note, and he testified that this credit was later entered on the note. Appellant denied that this mistake occurred, but testified that $50 was added to the note as an additional consideration for the loan in excess of the highest rate of interest.

There was a sharp conflict in the testimony, and the only testimony bearing on this issue was that of the two parties themselves. We can not say that the finding of the chancellor is against the preponderance of the testimony, and we therefore, under well settled rules here in such cases, accept the finding as correct. If the additional amount was added by mistake, without any intention on the part of either of the parties to the transaction to charge and pay excessive interest, then it would not constitute usury. *Garvin* v. *Linton,* 62 Ark. 370; *Jones* v. *Phillips,* 135 Ark. 578; *Tompkins* v. *Vaught,* 138 Ark 262.

Appellee cross-appealed from that part of the decree which declared the conveyance to be a mortgage. It is unnecessary for us to determine what the character of the instrument was on its face, for the reason that the evidence clearly shows that it was intended as a mortgage to secure a pre-existing debt and the debt created at the time of its execution for borrowed money. That being true, it was the duty of a court of equity to carry out the intention of the parties, regardless of the particular form of the instrument.

Our conclusion, therefore, is that the decree is correct in all respects, and the same is affirmed.