Missouri Pacific Railroad Company *v.* Frost.

Opinion delivered December 13, 1920.

1. Vendor and purchaser—waiver of forfeiture.—The right to a forfeiture of a contract of sale of land for failure of the purchaser to make payments is waived where the seller institutes a suit to foreclose his vendor's lien reserved in the contract.

2. Vendor and purchaser—effect of vendor taking possession.— Where land was purchased from a railroad company, and the purchaser died before making payment, and his administrator turned the land over to the vendor, and the vendor subsequently brought suit to foreclose a vendor's lien reserved in the contract of sale, the attitude of the railroad company was that of a mortgagee in possession, and as such it was responsible, not only for the rents it received, but the rental value of the land.

Appeal from Pope Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*C. M. Walser,* for appellants.

The court erred in overruling the demurrer. The land belonged to the plaintiffs, and it is immaterial what rent they received or what they might have received. Interest was charged at the highest contract rate. Even if appellants were chargeable with rents at all, they

should only account for rents actually received, and the court erred in its calculation of interest on the annual credits for rent and allowed as payments on the notes; the purchaser of the land forfeited all rights under his purchase by cutting standing timber.

The demurrer should have been sustained. 21 Ill. 227; 60 Me. 246; 72 Ia. 317; 82 Cal. 122; Williams on Vendor and Purchaser, 520. The purchaser had possession of the land from the date of the contract and under the time payment plan had the use of same to help make the payments. The purchaser violated the express terms of the contract, resulting in default to pay. Appellants were in no wise responsible for the conditions and the demurrer should have been sustained. Cases *supra.* 21 Ill. 227; 60 Me. 246.

*Hays & Ward,* for appellees.

1. Appellant is not the owner of the land and should be treated as a mortgagee. 66 Ark. 167; 13 *Id.* 523; 34 Ill. 227; 60 Me. 246, etc.

2. Appellant is chargeable with rents which it could or should have received. Appellees had a homestead right in the lands (84 Ark. 169), and had the right of possession until foreclosure of suit brought. 36 Ark. 29. The finding of the court was correct upon the law. 36 Ark. 17. It should not be disturbed, as it is sustained by a clear preponderance of the evidence. 138 Ark. 403. The calculation as to interest was correct. 49 Ark. 508.

Smith, J. On March 1, 1909, G. S. C. Frost contracted to buy, from the St. Louis, Iron Mountain & Southern Railway Company, a forty-acre tract of land, for the sum of $280, of which one-fourth was paid in cash and the balance made payable in one, two and three years. Frost died on February 26, 1911, without having completed his payments. The Missouri Pacific Railway Company succeeded to the interests of the St. Louis, Iron Mountain & Southern Railway Company in these

lands, and brought this suit to foreclose the vendor's lien reserved in the contract of sale to Frost.

An administrator of the estate was appointed, and, being without funds to pay the balance due the railway company, he "turned the land over" to the company. Frost had cleared 3.85 acres of the land. The railway company leased the land for the year 1914 for $12.50, and for the years 1915, 1916, 1917, 1918 and 1919 leased it for the annual rental of $10. The total rent collected by the railroad company was $62.50. The tenants who paid the rent and certain other witnesses testified that the rent collected by the railway company was a fair rental for the land. Other witnesses placed the rental at $25 per year, and the court, in stating the account, fixed the rental value at $20 per year. The balance found due was declared a lien on the land and a sale ordered, if found necessary. But within the time limited by the decree the heirs of Frost—who were minors, but had been made defendants—tendered the sum found due to appellant.

It is insisted that the contract between Frost and the railway company made time of the essence of the contract and provided for a forfeiture of the right to purchase upon the failure to make the payments as they matured. But, if this be true, the right to claim the forfeiture was waived by the institution of this suit. The suit was brought to enforce a vendor's lien, and the court granted the relief prayed. It remains, therefore, only to determine whether the court correctly found the balance due.

The testimony is conflicting as to the rental value of the land; and we are unable to say that the court's finding on that subject is clearly against the preponderance of the evidence.

The land in question adjoined another tract of land owned by Frost at the time of his death, and the two tracts constituted his homestead. *Stubbs* v. *Pitts,* 84 Ark. 160. The heirs, therefore, were entitled to the land

and the rents derived from it up to the time of the institution of this suit. The attitude of the railway company was that of a mortgagee in possession, and as such it was responsible, not merely for the rent it received, but for the rental value of the land. *Greer* v. *Turner,* 36 Ark. 17.

The court allowed appellant ten per cent. interest · on its debt from its maturity until the date of the decree, and made the same order in regard to the taxes paid by appellant. The court then allowed appellees ten per cent. per annum on the annual rents collected from the date when due. It is true there was no contract to pay interest on these rents, but the interest was calculated at the same rate at which interest on the debt and the taxes was calculated, and the result is the same as if tere had been annual rests in the calculations.

Decree affirmed.