## Temple *v.* Hamilton.

Opinion delivered November 19, 1928.

*Claude V. Holloway,* for appellant.
*Morris & Barron,* for appellee.

HART, C. J., (after stating the facts). Counsel for the defendants seek to defeat any recovery by the plaintiff on the ground of usury. There is no contention between the parties that the plaintiff did not advance to the defendants the sum of $7,520.67 for the purpose of making a crop on the lands rented from the plaintiff by the defendants, and that this amount is shown by an itemized statement in the record. The renewal note of $2,860.98, which was dated February 28, 1927, and secured by the crop and mule mortgage executed on the same date, was intended to represent the balance of the indebtedness due by the defendants to the plaintiff under the first mortgage. It appears that the amount of the note was arrived at by charging ten per cent. per annum interest on all the advances made by the plaintiff to the defendants during the fall of 1925 and the whole of the year of 1926. According to the testimony of the defendants, the transaction on this account was usurious. According to the testimony of all the parties, there was no agreement between them as to

what interest was to be charged, and the plaintiff testified that he accepted the sum of $2,860.98 to be the balance due because one of the defendants stated to him that was the amount due under their contract. The plaintiff testified that he was sick at the time, and that Ben Temple, one of the defendants, went over the account of the defendants and added up the different items on an adding machine, and told him that $2,860.98 was the amount due under the first mortgage. While this is denied by the defendant Temple, we think the chancellor was justified in finding for the plaintiff on this question.

In the first place, the burden of proof is upon the party who pleads usury to show that the transaction was usurious. *Smith* v. *Mack,* 105 Ark. 653, 151 S. W. 431; and *Cammack* v. *Runyan Creamery,* 175 Ark. 601, 299 S. W. 1023. In the second place, it is the settled law of this State that the charge of an excessive amount of interest through mistake of fact on the part of the lender does not render the contract usurious. *Garvin* v. *Linton,* 62 Ark. 370, 35 S. W. 430, 37 S. W. 569; *Tompkins* v. *Vaught,* 138 Ark. 262, 211 S. W. 361; and *Hinton* v. *Brown,* 174 Ark. 1025, 298 S. W. 198.

The substance of the whole transaction was that the plaintiff rented to the defendants about 500 acres of land and agreed to supply them to enable them to make a crop. The supplies were duly furnished, and an itemized account of the same was rendered. None of the items of the account are disputed. It was the intention of the parties that the defendants should give their note to the plaintiff for the balance due after the crop season of 1926. The amount of this note was to be secured by a mortgage on the same mules and on the crop to be grown by the defendants on the plaintiff's land during the year 1927. The amount of the balance due, according to the testimony of the plaintiff, was furnished by one of the defendants, and there was no intention whatever to charge or receive an illegal rate of interest. It is true that, according to the testimony

of the defendants, more than ten per cent. was charged, but the chancellor was justified in finding, under the circumstances, that this was due to a mistake of fact. Hence we are of the opinion that the chancellor was right in not sustaining the complaint of the defendants of usury.

The chancellor was wrong, however, in the amount which he found to be due. As we have already seen, the substance of the whole transaction was that the plaintiff rented to the defendants 500 acres of land and agreed to make certain advances to them to enable them to make a crop. Advances in the sum of $7,520.67 were made during the fall of 1925 and during the year of 1926. The plaintiff appears to have charged ten per cent. interest on these supplies. This he had no right to do. An agreement to pay interest on an account at a rate exceeding six per cent. will not be enforced as to such excess, unless the agreement be in writing. *Johnson* v. *Hull*, 57 Ark. 550, 22 S. W. 176. Hence in no event could the plaintiff charge ten per cent. interest on the advances made by him.

In the first mortgage, which was executed on the 4th day of January, 1926, there is recited an indebtedness of $3,500, evidenced by a promissory note. Although the mortgage on its face was for the sum of $3,500, evidenced by a promissory note of that date, parol evidence was admissible to show that it was really intended to secure advances already made and future advances to be made from time to time. Parol evidence is always admissible to show the true character of a mortgage, and for what consideration it was given. Jones on Mortgages, vol. 1, 8th ed. § 451 (367a); *McKinster* v. *Babcock*, 26 N. Y. 378; and *Louisville Banking Co.* v. *Leonard*, 90 Ky. 106, 13 S. W. 520.

As we have already seen, there was no agreement, in writing or otherwise, that the plaintiff should charge interest on the supplies furnished or the advances made by him to the defendants. Hence he was not entitled to charge any interest on such advances until the end

of the year 1926. The parties had a settlement at that time, and on February 28, 1927, the defendants gave to the plaintiff a new mortgage for what was believed to be the balance due on the old mortgage and to secure future advances. While a mistake was made in the amount then due, the plaintiff will be entitled to charge interest on the amount actually due at the rate of ten per cent. per annum from the date the note was given, because the note recites that ten per cent. interest thereafter was to be charged from the date of the note until its payment. On the advances to be made during the year 1927 no interest should be charged until the end of the year, because the account was not due until that time. No interest should be charged on the mule note of $1,200 at all, because the plaintiff agreed to take the mules back and charge no interest. The fact that the mules were agreed to be returned to him was a sufficient consideration for this new agreement, and he should not·have charged any interest at all on the mule note.

From what we have said it is evident that the amount found by the chancellor was greater than that due by the defendants to the plaintiff. Because the chancery court erred in finding the amount due by the defendants to the plaintiff, the decree will be reversed, and the cause will be remanded with directions to the chancellor to enter a decree in favor of the plaintiff against the defendants for the amount actually found due in accordance with the directions of this opinion and for further proceedings in accordance with the principles of equity, and not inconsistent with this opinion. It is so ordered.