HAMNER *v.* STARLING.

4—2564

Opinion delivered May 23, 1932.

949

*Henry Moore, Jr.,* for appellant.

*Marsh, McKay & Marlin,* for appellee.

McHANEY, J. This is a suit for specific performance brought by appellees against appellant to compel him to convey to them as the widow and heirs at law of J. W. Starling, deceased, 360 acres of land contracted to be conveyed by appellant to said Starling on or about December 15, 1924, by oral agreement. The complaint alleged the sale and purchase of the land for a consideration of $12,800, of which $800 was paid in cash, and that the remainder was to be paid from the proceeds of one-fourth of all the cotton grown on the lands until the purchase price with interest should be paid. It was alleged that they were able, ready, and willing to pay the balance due. Appellant answered admitting the sale for the consideration alleged and the cash payment, but that said Starling agreed to pay in addition $300 incurred by appellant as attorney's fee for examining the abstract of title and certain incidental expenses, making the total purchase price $13,100; that Starling agreed to pay interest thereon at the rate of 10 per cent. per annum and from 1925 to 1931, inclusive, for taxes, lumber, goods, wares and merchandise, and after charging him with such amounts and interest at 10 per cent. and after giving credits for all payments made, there was still a balance due as of February 3, 1931, of $10,808.44. He offered to convey on payment of said sum. If not paid, he prayed a foreclosure of his lien for same. The items in dispute will be hereinafter discussed in detail. The court decreed specific performance, but found the bal-

ance due on the purchase price to be $5,161.28 with interest at 6 per cent. to date of payment. But if payment was not made in 45 days the land was ordered sold to pay the balance of the purchase money for which a lien was declared against the land. There was no personal judgment against appellees. From this decree both sides have appealed.

Mrs. Starling, as administratrix of her deceased husband's estate (he having died intestate in January, 1931) was made a party plaintiff. On demurrer of appellant, the court held that she was not a proper or necessary party plaintiff to the action in her representative capacity and struck her name from the complaint. This action of the court is attacked by the appellees and sought to be upheld by appellant because of the effect it might have on the admissibility of the testimony of appellant as to transactions with or statements of the intestate. Section 4144, Crawford & Moses' Digest, and § 2, Schedule to Constitution 1874. We do not decide this interesting question as to whether or not the executrix was a proper or necessary party, for, as we view the matter, it becomes immaterial. For the purposes of this opinion therefore we treat appellant as a competent witness.

■ The first point of difference between the parties relates to the alleged payment of taxes by appellant for the years 1924, 1925 and 1926. The trial court gave judgment to appellant for the taxes paid for the year 1924, but refused him credit for taxes for 1925 and 1926. We think the court erred as to the 1924 taxes, but did not err as to those for the other years. The facts are that appellant purchased this land from one Kresky for $3,200 less than he sold it to Starling for. We do not mean any reflection on appellant, as he was buying for cash and selling on credit, and no doubt Starling knew this fact. The land was bought for Starling at his suggestion. At that time, about December 15, 1924, he put up with appellant $800 which in turn appellant put up as earnest or good faith money. Title was not finally acquired by appellant until January 30, 1925, when deed

was taken in his own name. Nothing was said about the taxes at that time, and it was not known whether the land could be bought or whether the title was good. Appellant was to get a good title, and the title would not be good with the lien for taxes unpaid. There was no valid and binding sale, no grantor and grantee, until appellant got his deed from Kresky on January 30, 1925. As between appellant and Kresky, the latter was due to pay the taxes for the year 1924, unless appellant agreed to pay same. Section 10,023, Crawford & Moses' Digest. Starling was never the record owner, and the proof shows conclusively that he did not go into possession until sometime in January or February, 1925. The purchase price was $12,800, and not that amount plus the 1924 taxes. Appellant should not have credit for the amount thereof. The receipt was taken in his own name, and correctly so as he was due to pay same.

As to the taxes for 1925 and 1926, the receipts therefor were held by appellant, but they were receipts to Starling, and not to appellant. This was very cogent evidence that Starling did pay the taxes for these years. The record title was in appellant, and there was nothing of record or even in writing to show Starling's ownership. Appellant testified that he paid all taxes at Starling's request, and the amounts paid were charged to Starling's account on his ledger, but we cannot say this testimony was sufficient to overcome the written tax receipts showing payment by Starling. The evidence to accomplish this must be clear and convincing.

■ It is next insisted by appellant that the court erred in allowing him only 6 per cent. interest instead of 10 per cent., as he testified the oral agreement was. We do not think so. We have many times held that an agreement to pay interest at a rate greater than 6 per cent. will not be enforced as to the excess unless the agreement is in writing. *Matlock* v. *Purifoy,* 18 Ark. 492; *Wallis & Bro.* v. *Lehman,* 36 Ark. 571; *Johnson* v. *Hull,* 57 Ark. 550, 22 S. W. 176; *Temple* v. *Hamilton,* 178 Ark. 355, 11 S. W. (2d) 465. We decline to reconsider these

cases and overrule them. Appellant invokes the maxim that he who seeks relief in equity must do equity, and that therefore, to get a performance of the contract appellees ought to be required to perform the contract as made and pay interest at 10 per cent. But the same rule applies to him, as he seeks to foreclose his purchase money lien for the balance due at 10 per cent. on an oral contract to pay. As said in *Temple v. Hamilton, supra,* to quote a syllabus: "An agreement to pay interest on an account at a rate exceeding 6 per cent. will not be enforced as to such excess, unless the agreement be in writing." And that was an equity case.

■ On the cross-appeal, in addition to the 1924 taxes, which we have already discussed and disallowed, it is urged that the court erred in allowing appellant his charge of $300 for attorney's fees and expenses, and we agree with appellees in this regard. Appellant was undertaking to acquire the land and a good title at a handsome profit to himself. If he had sold the land to Starling without profit, it would be equitable for his estate to pay this amount, but, since he was making an investment for his own benefit, with both his investment and profit at stake, we think it would be inequitable to charge the estate with it.

■ As to the amounts advanced for building material and supplies totaling $1,377.05, we think these amounts were properly allowed and should bear interest at 6 per cent. from the date of advancements.

■ Interest should be charged on the balance of purchase price of the land from January 30, 1925, at 6 per cent. instead of December 15, 1924. Appellant had no money invested therein until he got his deed with good title, and the agreement was to return to Starling his $800 cash payment, if, for any reason, the deal fell through.

■ We also think the court erred in arriving at the rental value of the land for the year 1931 by allowing appellees credit for a portion of the value of an estimated amount of crops grown on the land for that year. We do not mean to say that the market value of the customary

portion of crops grown and harvested would not be the rental value. It would. So also what its rental value was in money. In *Missouri Pac. Rd. Co.* v. *Frost,* 146 Ark. 472, 225 S. W. 645, we held that a mortgagee in possession is liable, not merely for the rent he received, but for the rental value of the land, and *Greer* v. *Turner,* 36 Ark. 17, is cited to support that statement. So here appellant is in the position of a mortgagee in possession and is liable to appellees for the rental value of the land.

The testimony as to the rental value is so indefinite and uncertain as to make it difficult of ascertainment, and we therefore refer this matter to the trial court, with the right of either party to submit further proof in this regard.

The decree will therefore be reversed, and the cause remanded with directions to restate the account in accordance with this opinion, except as to rental value for 1931 and 1932, if appellant is still in possession, and as to rental value to permit the parties to offer further testimony and for further proceedings according to law and the principles of equity.